279 P.2d 721

**Daniel J. MARSIN, Petitioner,**

**v.**

**The Honorable Nicholas UDALL, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent.**

**No. 6032.**

Supreme Court of Arizona.

Feb. 3, 1955.

Flynn, Van Haren & Stewart and John J. Flynn, Phoenix, for petitioner.

Honorable Nicholas Udall, Phoenix, in pro. per., and Wm. P. Mahoney, Jr., County Atty. and Charles C. Stidham, Deputy County Atty., Phoenix, for respondent.

Jennings, Strouss, Salmon & Trask, Phoenix, amicus curiae.

WINDES, Justice.

The county attorney of Maricopa County filed an information charging Daniel J. Marsin, hereinafter designated petitioner, with the crime of kidnapping for ransom, a felony. The local rules of the superior court of Maricopa County provide for the selection of the trial judge from nine judges available to be made by an assignment judge. Among the duties of this assignment judge is the hearing of all preliminary motions, the conduct of all arraignments, setting the trial date for all cases and, shortly prior to the respective dates of trial, assigning such cases for trial before a particular judge. Following that procedure, in July, 1954, prior to petitioner's arraignment, his counsel filed a motion to quash the information, a motion to return and suppress, a motion for bill of particulars and a motion for production of documents and tangible evidence for inspection by the defendant. The Honorable Nicholas Udall, respondent herein, serving in the capacity of assignment judge, heard arguments and passed upon the foregoing

motions. The trial date was finally fixed for January 11, 1955. On January 8th, the Honorable R. C. Stanford, Jr., then acting as assignment judge, assigned the case for trial before respondent and on January 10th, petitioner filed an affidavit of bias and prejudice against respondent. Respondent refused to recognize the affidavit upon the ground that he had theretofore heard and passed upon the foregoing motions and the affidavit was, therefore, not timely made and that he was required to try the case. Petitioner seeks a writ of prohibition to prevent respondent from trying the case. We issued an alternative writ.

The right to a fair and impartial trial before a fair and impartial judge is a valuable substantive right originating in the common law and recognized by statute in both criminal and civil cases. Neither this court nor the superior court can by rule of procedure deprive a party of the opportunity to exercise this right. Courts cannot enact substantive law. A court is limited to passing rules which prescribe procedure for exercising the right. Any rule of court that operates to lessen or eliminate the right is of no legal force. It has even been held by the Supreme Court of the United States that under some circumstances a procedure that had such effect offended the due process clause of the Federal constitution. Tumey v. State of Ohio, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749, 50 A.L.R. 1243. Of course, one may with knowledge of the facts, consent that his case be tried before a judge he thinks is biased and prejudiced. The privilege to challenge the judge's fairness carries with it the concomitant right to willingly submit to trial. He is not compelled to exercise the right but may waive it. Whether an affidavit of bias and prejudice is timely filed is dependent upon the law of waiver and before one can be said to have waived the right, he must first have had an opportunity to exercise it. A waiver is a voluntary relinquishing of a known right.

The court by procedural law can prescribe the conditions under which a party may be said to have consented that his case be tried before a particular judge, i. e., whether he has waived his right to challenge the fairness of the judge, provided it does not operate to deprive him of the right. To that end, this court passed Rule 251, Rules of Criminal Procedure, section 44–1204, A.C.A.1939, to the effect that one expecting to exercise this right of challenge must file his affidavit of bias and prejudice at least three days before the case is called for trial. The respondent ruled that petitioner under the circumstances was not bound by the three-day rule, section 44–1204, supra. In this he was correct since the petitioner did not know who the trial judge was to be in time to comply therewith and, therefore, had no prior opportunity to challenge respondent's qualifications. A non-compliance with this rule cannot operate to prevent the affidavit of bias and prejudice

from being timely filed under such conditions.

The contention of respondent is that while petitioner was not barred from filing his affidavit by reason of the provisions of the three-day rule, section 44–1204, supra, his affidavit was untimely because of the law as pronounced by this court in Arizona Conference Corp. v. Barry, 72 Ariz. 74, 231 P.2d 426. That case decided (1) that the affidavit of bias and prejudice filed therein was untimely for the reason that if a petitioner permits a judge to rule upon any litigated or contested matter whatever, either on a motion or plea of the party making the affidavit, he waives the right, and (2) that if a judge had been permitted to go this far, he could not even disqualify himself unless in fact he were disqualified. There is a distinction between being in fact disqualified and being disqualified by reason of the filing of the affidavit. In the latter instance, it is the affidavit that disqualifies irrespective of whether the judge in fact is biased. Conkling v. Crosby, 29 Ariz. 60, 239 P. 506.

The Barry case was a civil case but the principles of law by which we determine whether one had lost his right to a fair and impartial judge are, of course, the same whether the case be civil or criminal. Consequently, if the reasoning of the Barry case is sound, respondent is correct in ruling that defendant, having permitted him to pass upon the preliminary motions, waived his right to file the disqualifying affidavit and that he, respondent, could not voluntarily relinquish the case unless in fact he was prejudiced against petitioner. Knowing respondent to be an honorable judicial official, we assume that he in fact had no prejudice and therefore, if he is to follow the Barry decision, he could not relinquish the case.

The Barry case ignored prior decisions of this court and adopted the rule of New Mexico. As we analyze the previous pronouncements of this court, it has been ruled that when evidence is taken, the right to challenge the judge on grounds of bias and prejudice is waived, if the evidence is to be used in the final determination of the case on its merits, Allan v. Allan, 21 Ariz. 70, 185 P. 539; when judgment is rendered on the pleadings thereby rendering a trial unnecessary, Mosher v. Wayland, 62 Ariz. 498, 158 P.2d 654; or when the trial has commenced to the extent of calling prospective jurors into the box for the purpose of selection, Sam v. State, 33 Ariz. 383, 265 P. 609. This court, prior to the Barry decision, was also committed to the proposition that when the court had heard a contested motion and had made an order requiring the defendant to pay costs, the right to disqualify the judge was not waived and was timely made after the court's decision. Stephens v. Stephens, 17 Ariz. 306, 152 P. 164, 166. Therein, this court said:

> "But two or three orders had been entered by the court, one of which required the appellant to pay the costs

of appellee's witnesses up to the date of the last continuance. Appellee suggests that it was this order mulcting appellant for costs that prompted the latter to make his application for a change, and it is urged that an adverse ruling of that kind ought not to be allowed as a pretext or excuse for an affidavit of bias or prejudice. Whether that is the reason or not does not appear. The law does not require the affiant to give or assign any reason or reasons for his belief that he cannot have a fair and impartial trial because of the judge's bias or prejudice or interest. It requires him to make and file the affidavit and prescribes its contents, but it does not make it a condition of the affidavit that it shall be true, nor will it weigh or estimate the motive for making it. So then it matters not what may have prompted the affidavit, if it complies with the law and was made and filed in time."

It is apparent there is a conflict between the reasons upon which the Barry case is bottomed and the holding in the Stephens case. We do not think this court intended to overrule the Stephens case, else it would have said so. We think the failure to recognize it was inadvertent. Our view is that the Stephens decision is correct. To the extent, therefore, that Arizona Conference Corp. v. Barry, supra, is authority for the proposition that a party permitting a judge to pass upon any litigated or contested matter whatever, either on motion or plea, waives his right to disqualify the judge, that case is expressly disapproved.

Whether the result reached in the Barry case is correct for other reasons is a different matter. There the Honorable Judge Barry heard an application for temporary injunction to stop the construction of a church for the alleged reason it violated building restrictions. Voluminous evidence was taken, including the testimony of various witnesses and upon the request of all parties, the judge viewed the premises involved, examining the extent of construction and checking violations which had been testified to, thereby testing the accuracy of oral testimony. He then announced conclusions from the evidence submitted, including the physical evidence gained from his personal observations. We think under these circumstances the result reached that the affidavit in that case was untimely filed was correct for the reason that the parties had permitted the judge to accept evidence which of necessity would have a bearing on final determination of the matter on its merits. It would be superficial to say that Judge Barry if allowed to finally hear the matter for permanent injunction would not or could not use in making the final decision the physical evidence gathered from his visit to the properties. This physical evidence would necessarily be weighed against oral testimony submitted at the final hearing and might conflict therewith. The effect of all this

was that Judge Barry had partially tried the issue to be ultimately decided. This does not mean that all evidence submitted on a preliminary motion would operate to shut off a subsequent affidavit of bias and prejudice. Evidence of collateral matters not bearing on the final decision cannot constitute a waiver of the right to challenge the fairness of a judge, but this court is committed to the rule that if a judge is allowed to receive evidence which of necessity is to be used and weighed in deciding the ultimate issues, it is too late to disqualify him on the ground of bias and prejudice. Allan v. Allan, supra. The result reached in Arizona Conference Corp. v. Barry, supra, was correct for this reason only.

Since the reasons given for the decision in Arizona Conference Corp. v. Barry, supra, are disapproved, the affidavit herein was timely filed and the alternative writ of prohibition is made permanent.

LA PRADE, C. J., and UDALL, PHELPS, and STRUCKMEYER, Jr., JJ., concurring.

UDALL and PHELPS, Justices (specially concurring).

We agree with the majority that the respondent judge was effectually disqualified and hence the alternative writ of prohibition should be made permanent. However, we arrive at this conclusion by a very different approach and process of reasoning than does the majority. Furthermore, it is our opinion that all the statements in the majority decision regarding the civil rules and prior decisions of this court involving civil cases are dicta—being wholly unnecessary to a determination of the instant case. Our view is that this entire matter is wholly governed by our criminal rules as there is no statutory provision making the civil rules applicable in criminal cases except as pertaining to rules of evidence—instructions and oath to jury. See, Section 44–1811, A.C.A.1939.

We believe our brethren of the majority have been led into this error by failing to recognize that since statehood there have been separate and distinct statutory or rule provisions in civil and criminal cases relative to obtaining the valuable substantive right of a change of judge because of alleged bias or prejudice.

In criminal cases the provisions for disqualification are to be found in Penal Code 1913, section 999, and in the 1928 Revised Code, section 5022, and these requirements vary in many essential particulars from those provided for in civil cases. This statutory law, with no material change, remained in force and effect until the adoption by this court of the present criminal rules of procedure which became effective on April 1, 1940. The only decisions we have been able to find interpreting these criminal statutes are Sam v. State, 33 Ariz. 383, 265 P. 609, and Bellamack v. State, 37 Ariz. 344, 294 P. 622. The latter case holds

that the fact a judge has taken the plea of accused and set date of trial does not necessarily mean he must try the case. The Sam case holds that an affidavit of bias and prejudice comes too late where not presented until after the trial begins, the court stating [33 Ariz. 383, 265 P. 616]:

> "The trial commences, for this purpose at least, when the jurors are first called into the box."

These rulings do not create a road block or require us to "iron out" any phraseology, as what is therein stated is entirely consistent with our unanimous present holding.

The American Law Institute drafted a proposed code of criminal procedure which was later adopted by this court with at least one significant change. The governing criminal rules of procedure are numbered 248, 249, 250, 251, and 252 (now appearing as sections 44-1201 to 44-1205, inclusive, A.C.A.1939). These spell out in some detail how a change of judge may be effected. The final draft of Rule 251, as prepared by the Institute, provided that:

> "The application for a change of judge may be made only before or at the time the cause is called for trial."

This court no doubt recognized that at least in courts having but one presiding judge a provision that the defendant at the last moment might disqualify the judge was impractical and might prove very expensive and disrupting to orderly court procedure. It therefore amended same to read as follows:

> "The application for change of judge must be made at least three (3) days before the time the cause is called for trial."

The instant case, calling for an interpretation of these rules, is the first to reach this court. The problem presented is a simple one. Petitioner meticulously followed the rules in seeking the disqualification of the respondent judge. We agree with the majority that the trial court correctly ruled that under the circumstances shown by this record the affidavit of disqualification was timely filed. Being timely filed the fact respondent had theretofore ruled upon preliminary law matters is of no legal significance. Hence, there is no merit to respondent's claim that he was required to try this case.

If perchance the decision in the Barry case interpreting the rules of procedure relative to disqualification of judges in civil cases is wrong—a matter not now properly before us—it can be corrected when a civil case squarely presenting this question is before us. It should not be overthrown in the instant proceeding.

If the adoption of the assignment system in Maricopa County presents new problems we are of the opinion these should be met by this court in a forthright manner by the formulation and adoption of appropriate rules to meet the situation. However, it is our opinion that the assignment system of Maricopa County is in nowise involved. As a matter of fact, under the views herein

expressed—at least in criminal cases—the Maricopa judiciary are in an advantageous position because there are always other judges to whom a given case may be assigned for trial. We do not consider the views herein expressed are in any wise incompatible with the operation of such system.