298 P.2d 795

Della Mae MURRAY, Administratrix of the Estate of John Charles Delbridge, deceased, Petitioner,

v.

Frank E. THOMAS, Judge of the Superior Court of Cochise County, Respondent.

No. 6233.

Supreme Court of Arizona.

June 26, 1956.

WINDES, Justice.

Della Mae Murray, administratrix of the estate of John Charles Delbridge, deceased, filed petition for writ of prohibition against the Honorable Frank E. Thomas, judge of the superior court of Cochise County, Arizona. We issued alternative writ.

It appears from the record that prior to the appointment of petitioner as administratrix, the decedent's surviving widow, Velma Mae Delbridge, was so appointed and that Wesley E. Polley was her attorney. Thereafter, Mrs. Delbridge became incompetent and Mrs. Murray, petitioner herein, was appointed guardian of her estate and administratrix of decedent's estate. Attorney John Pintek represents the petitioner as administratrix. Thereafter, Mr. Polley filed a petition for allowance of attorneys fees and costs he expended as attorney for Mrs. Delbridge when she was administratrix. Mrs. Murray, as present administratrix, filed objection to the petition for attorneys fees and costs upon the ground, among others, that Mr. Polley had in his possession stocks, bonds and assets of the estate for which he had refused and neglected to make an accounting. Mrs. Murray also filed an affidavit in the following words:

"That she does not believe that she can obtain a fair and impartial trial before Frank E. Thomas, for the reason and upon the grounds of the bias and prejudice of the said Frank E. Thomas."

John Pintek, Bisbee, for petitioner.

Wesley E. Polley, Bisbee, for respondent.

and asked that the matter be assigned to another judge for trial. The honorable trial judge refused to recognize the affidavit and proceeded with the hearing, after which he made the following order:

"That the petitioner be allowed $125.00 as and for attorneys fees, and $64.03 costs; that all assets of the estate now in the possession of the petitioner be forthwith delivered .to the attorney for the administratrix; that the bond of the administratrix be, and is hereby fixed in the sum of $10,000.-00"

Respondent admits he will proceed to hear and determine any matters necessarily leading to the final administration of the estate. It appears from the record that petitioner has been threatened with a citation for contempt of court for failure to comply with the order. We must conclude, therefore, that respondent will proceed to hear any matters concerning the execution of the order.

While the foregoing order appears to be eminently fair to all interested parties, yet we are compelled to say that the judge should have recognized the affidavit and he had no jurisdiction to do other than transfer the matter to another judge. Mosher v. Wayland, 62 Ariz. 498, 158 P.2d 654. The order therefore was void and, so long as anything remains to be done under a void order, prohibition may prevent the doing thereof. Pacific Greyhound Lines v. Brooks, 70 Ariz. 339, 220 P.2d 477. In probate matters upon the timely affidavit of bias and prejudice, a change of judge must be allowed, as in civil actions. Section 38–102, A.C.A.1939, A.R.S. § 14–303; In re Estate of Monaghan, 60 Ariz. 346, 137 P.2d 390.

The reasons given for ignoring the affidavit were that it was not timely and not in the proper form. For an affidavit to be untimely, it must appear the applicant for change of judge has waived his right thereto. We find nothing in the record that amounts to a waiver. Petitioner had theretofore permitted the judge to make various ex parte orders in furtherance of the administration of the estate but this constitutes no waiver of her right to claim prejudice in this contested matter. Petitioner proceeded with the hearing with the express understanding she waived no rights. She filed the increased bond but cannot be censured or penalized for this, since her position as administratrix might be prejudiced by a failure to file the same.

Respondent contends that the affidavit was not in proper form in that it did not designate Frank E. Thomas as judge of the superior court of Cochise County. This is too technical to invalidate the affidavit. Respondent says the affidavit does not follow the statute in that the statute [A.R.S. § 12–409] requires the affiant to swear that he "has cause to believe and does believe * * * he cannot obtain a fair and impartial trial" and the affidavit merely states that "she does not believe that she can obtain a fair and impartial trial" without stating that she has cause to so believe. We think the affidavit is a substantial compliance with the statute and the differ-

ence between the wording of the statute and the affidavit is not of sufficient materiality to warrant a failure to give it effect. The right to a fair trial should not depend upon such fine distinctions.

It is unfortunate that the difficulties of the parties interested could not have been amicably adjusted by a compliance with what appears from the record to be a reasonable order without incurring the time and expense of litigating the matter in this court.

The alternative writ of prohibition is made peremptory.

LA PRADE, C. J., and UDALL, PHELPS and STRUCKMEYER, JJ., concur.