442 P.2d 849

**TRUCK EQUIPMENT COMPANY OF ARIZONA, Petitioner,**

**v.**

**The Honorable John VANLANDINGHAM, Judge of the Superior Court of Maricopa County, Respondent.**

**No. 9219.**

Supreme Court of Arizona, In Banc.

June 26, 1968.

Richard A. Steiner, Phoenix, for petitioner.

Robert K. Corbin, Maricopa County Atty., Frederic W. Heineman, Deputy County Atty., for respondent.

UDALL, Vice Chief Justice:

In this matter Truck Equipment Company of Arizona filed a petition for an alternative writ of mandamus to compel respondent, the Honorable John Vanlandingham, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, to assign Cause No. 193591 to another judge. The alternative writ was issued with written opinion to follow.

Petitioner filed an affidavit of bias and prejudice against the respondent in accordance with A.R.S. § 12–409. The only issue before this court is whether the affidavit was timely filed.

A suit was filed against petitioner and White Motor Company, Inc., as co-defendants. White Motor was granted leave to file a third party complaint against Central Brass & Aluminum Foundry. Central Brass filed a motion to dismiss the third party complaint on the grounds of failure to state a claim upon which relief might be granted, insufficiency of process and service of process, and lack of jurisdiction over the third party defendant.

On October 23, 1967, the respondent was assigned to hear the cause. On December 28, 1967, respondent entered an order denying Central Brass's motion to dismiss. Calendar Call was set for the last week of January. On January 16, 1968, petitioner filed an affidavit of bias and prejudice against respondent on the grounds that it believed that it could not receive a fair and impartial trial because of the bias and prejudice of respondent. The change of judge was denied on grounds that it was not timely filed since the petitioner had allowed the respondent to rule on the motion to dismiss.

Petitioner's affidavit is authorized under A.R.S. § 12–409:

"A. If either party to a civil action in a superior court files an affidavit alleging any of the grounds specified in subsection B, the judge shall at once transfer the action to another division of the court if there is more than one division, or shall request a judge of the superior court of another county to preside at the trial of the action.

B. Grounds which may be alleged as provided in subsection A for change of judge are:

\* \* \* \* \* \*

5. That the party filing the affidavit has cause to believe that on account of the bias, prejudice, or interest of the judge he cannot obtain a fair and impartial trial."

From the moment of filing the judge can perform no other function but to order trial before another judge. Murray v. Thomas, 80 Ariz. 378, 298 P.2d 795 (1956). The judge cannot require proof of the contents of the affidavit since it is the affidavit which disqualifies him and not its contents. Conkling v. Crosby, 29 Ariz. 60, 239 P. 506 (1925), Liston v. Butler, 4 Ariz. App. 460, 421 P.2d 542 (1967).

This Court has construed the statute as requiring the affidavit to be seasonable. Mosher v. Wayland, 62 Ariz. 498, 158 P.2d 654 (1945); Conkling v. Crosby, supra. The leading case in Arizona on what constitutes timely or seasonable filing is Marsin v. Udall, 78 Ariz. 309, 279 P.2d 721 (1955). In Marsin we disapproved our ruling made in a previous case, Arizona Conference Corp., etc. v. Barry, 72 Ariz. 74, 231 P.2d 426 (1951) to the extent that

**404**

it was authority for the proposition that a party permitting a judge to pass upon any litigated or contested matter whatever, either on motion or plea, waives his right to disqualify the judge.

In Marsin we said:

"* * * This does not mean that all evidence submitted on a preliminary motion would operate to shut off a subsequent affidavit of bias and prejudice. Evidence of collateral matters not bearing on the final decision cannot constitute a waiver of the right to challenge the fairness of a judge, but this court is committed to the rule that if a judge is allowed to receive evidence which of necessity is to be used and weighed in deciding the ultimate issues, it is too late to disqualify him on the ground of bias and prejudice."

The test of timeliness then, is whether the judge is allowed to receive evidence which will be used and weighed in deciding the ultimate issues.

Clearly, the motion passed upon by the respondent in this case did not require evidence to be received which would go to the ultimate issue, and respondent does not allege that evidence was so received. In deciding a motion to dismiss a third party complaint the facts alleged in the complaint are assumed to be true and are treated in the light most favorable to the third party plaintiff. If any state of facts could conceivably be proved which would entitle the third party plaintiff to relief, the motion must be denied. Thornton v. Marsico, 5 Ariz.App. 299, 425 P.2d 869 (1967).

It is our opinion that the affidavit was timely filed and respondent, from the time of its filing, could perform no other function but to transfer the cause to another judge.

The alternative writ of mandamus is made permanent.

McFARLAND, C. J., and STRUCK-MEYER, BERNSTEIN and LOCK-WOOD, JJ., concur.