445 P.2d 555

ITASCA STATE BANK, An Illinois Banking Association, Applicant,

v.

The SUPERIOR COURT of Arizona, IN AND FOR the COUNTY OF COCHISE and Anthony T. Deddens, a Judge thereof, Respondent;

Helen HEIDORN, Real Party in Interest.

No. 2 CA–CIV 585.

Court of Appeals of Arizona.

Oct. 4, 1968.

Riley & Slaughter by Alan L. Slaughter, Bisbee, for applicant.

Williams & Ryan, by Martin F. Ryan, Douglas, for real party in interest.

KRUCKER, Judge.

The petitioner, hereinafter referred to as "the bank", seeks intervention of this court by way of extraordinary writ to review a refusal by the respondent judge to assign a show cause hearing to another judge.

On November 13, 1967, the bank instituted an action upon promissory notes against Kenneth M. Heidorn, nephew of the real party in interest. (Cause No. 24539) The defendant failed to respond within the time prescribed by law, and the bank entered his default. On April 8, 1968, in accordance with Rule 55b(2), 16 A.R.S., a hearing was held by the respondent judge on petitioner's application for judgment by default. Judgment for the

bank was entered the same day wherein it was ordered that certain described real property belonging to the defendant, which had been previously levied on by virtue of a writ of attachment, be sold to satisfy the judgment.

Record title to the aforementioned real property was in Helen Heidorn and Kenneth Heidorn,[1] as joint tenants, at the time this judgment was entered. In April, 1968, Helen Heidorn, by her guardian ad litem, commenced an action in Cochise County Superior Court against Kenneth Heidorn, the bank, and others (Cause No. 24843), to set aside Helen's prior conveyance of the real property on the grounds of her incompetency at the time.

One week prior to a sheriff's sale in accordance with the judgment entered in Cause No. 24539, a petition for a temporary restraining order and a preliminary injunction staying the sale was filed on behalf of Helen Heidorn. (The petition was filed in Cause No. 24539 and a $15 filing fee was paid.) A hearing was set for May 20, 1968, and on the date set for hearing the bank filed an application for a change of judge stating:

"* * * on account of bias, prejudice and interest of the regular presiding trial judge, the Honorable Anthony T. Deddens, a fair and impartial trial cannot be had."

The bank's counsel did not appear at the show cause hearing. The presiding judge asked counsel for Helen Heidorn what his position was concerning the application for change of judge, to which counsel responded:

"It appears to be in conformance with the Statutes. I would like to have it immediately assigned to Division II so it could be heard this morning."

The trial judge, however, refused to assign the matter to another judge, ruling that the application was not timely filed. At the conclusion of the hearing, the court granted a preliminary injunction. The validity of the refusal to honor the bank's affidavit is challenged in these proceedings.

The real party in interest contends that the issue has been rendered moot by virtue of a judgment entered on July 16, 1968, in Cause No. 24843.[2] Although as a general rule we will not consider moot questions or abstract propositions, J. R. Francis Construction Co. v. Pima County, 1 Ariz.App. 429, 403 P.2d 934 (1965); Southwest Engineering Co. v. Ernst, 79 Ariz. 403, 291 P.2d 764 (1955), we recognize exceptions where the principle involved is a continuing one. Board of Examiners etc. v. Marchese, 49 Ariz. 350, 66 P.2d 1035 (1937). Since the question of whether an application for a change of judge is timely filed when directed to a judge who has conducted a hearing on an application for default judgment may plague the bench and bar in the future, we granted review by certiorari.

A.R.S. § 12-409 provides:

"A. If either party to a civil action in a superior court files an affidavit alleging any of the grounds specified in subsection B, the judge *shall* at once

---

1. The joint tenancy title was accomplished via a "strawman" device, i. e., a conveyance from Helen to a third person, executed simultaneously with a conveyance from third person to Helen and Kenneth as joint tenants.

2. This judgment declared null and void the conveyance from Helen Heidorn and that Kenneth Heidorn acquired no interest in the real property which was subject of the litigation. The judgment further decreed:

"That the hereinbefore described real property be, and the same is hereby released from any and all liens, attachments, and/or executions of the Defendants or any of them, and said liens, attachments, and/or executions are adjudged to be of no force and effect ab initio; provided, however, that this judgment shall in no way affect the legal obligations of the said KENNETH M. HEIDORN, husband of JEANNE HEIDORN, to the Defendants or any of them."

transfer the action to another division of the court if there is more than one division, or *shall* request a judge of the superior court of another county to preside at the trial of the action.

"B. Grounds which may be alleged as provided in subsection A for change of judge are:

\* \* \* \* \* \*

"5. That the party filing the affidavit has cause to believe and does believe that on account of the bias, prejudice, or interest of the judge he cannot obtain a fair and impartial trial." (Emphasis supplied)

The language of the foregoing statute is clearly imperative and imposes no time limitation. The mere filing of the affidavit operates ipso facto to bar the trial judge from proceeding in the matter, and, notwithstanding he might feel the affidavit is filed to harass the court, he can perform no other function but to transfer the case to another judge. Murray v. Thomas, 80 Ariz. 378, 298 P.2d 795 (1956); Itule v. Farley, 94 Ariz. 242, 383 P.2d 127 (1963). The trial judge to whom the affidavit of disqualification is addressed has no discretion whatsoever provided the affidavit is filed in time. Hordyk v. Farley, 94 Ariz. 189, 382 P.2d 668 (1963). The leading case in this jurisdiction on what constitutes timely filing is Marsin v. Udall, 78 Ariz. 309, 279 P.2d 721 (1955) wherein the Supreme Court stated:

" \* \* \* [T]his court is committed to the rule that if a judge is allowed to receive evidence which of necessity is to be used and weighed in deciding the ultimate issues, it is too late to disqualify him on the ground of bias and prejudice. \* \* \*" 78 Ariz., at 315, 279 P.2d, at 725.

Apparently the respondent judge predicated his finding of "untimeliness" on the fact that the bank had allowed him to hear evidence relating to the default judgment, thereby waiving its right of peremptory challenge. Under the *Marsin* rule, supra, we believe he erred. The evidence presented at the default judgment hearing could not, by any stretch of the imagination, be "used and weighed" in deciding the issues presented in the preliminary injunction proceeding. The "timeliness" requisite is designed to prevent "judge-shopping". It would seem, therefore, that before the rule of waiver can come into play, the hearing must involve a *contested* issue of law or fact. In re Cuneo's Estate, 214 Cal.App.2d 381, 29 Cal.Rptr. 497 (1963). No contested issue of law or fact was involved in the default judgment hearing. We believe, and so hold, that the affidavit of prejudice, filed when the respondent judge was first called upon to hear a matter involving a contested issue, was timely. Since he had no jurisdiction to do other than transfer the preliminary injunction proceedings to another judge, the order granting the preliminary injunction was void. Murray v. Thomas, supra. Such order being a nullity, it is hereby ordered that it be expunged from the record.

HATHAWAY, C. J., and MOLLOY, J., concur.