545 P.2d 431

Barbara Anne GANT, Petitioner,

v.

The Honorable Lloyd C. HELM, Judge of the Superior Court of Cochise County, Arizona, and F. Michael CARROLL, Personal Representative of the Estate of James M. Carroll, Deceased, and Thelma H. Carroll, Real Parties in Interest, Respondents.

No. 2 CA–CIV 2096.

Court of Appeals of Arizona, Division 2.

Feb. 3, 1976.

Richard A. Wilson, Phoenix, for petitioner.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth, & Beshears, by George H. Mitchell and H. Leslie Hall, Phoenix, for respondents.

**584**

## OPINION

KRUCKER, Judge.

Did the respondent court err in refusing to grant petitioner's request for a change of judge? That is the question presented in this special action. The basis for the respondent judge's ruling was that petitioner had waived her right to a change of judge as a matter of right because he had previously entered an order compelling her to answer certain interrogatories.

Rule 42(f), par. 1 (D), Rules of Civil Procedure, 16 A.R.S., provides in pertinent part:

"A party waives his right to change of judge as a matter of right when, after a judge is assigned to preside at trial or is otherwise permanently assigned to the action, the party participates before that judge in:

(i) Any judicial proceeding which concerns the merits of the action and involves the consideration of evidence or of affidavits . . . ."

Rule 42(f), Rules of Civil Procedure, was amended in 1971. The State Bar Committee Note with respect to subsection (D) dealing with waiver points out that the above-quoted portion of the rule expressly includes affidavits as well as other types of evidence concerning the merits of the action and that the remainder of the rule is consistent with existing case law, citing as an example *Marsin v. Udall*, 78 Ariz. 309, 279 P.2d 721 (1955). In *Marsin*, supra, the Supreme Court stated:

" * * * [T]his court is committed to the rule that if a judge is allowed to receive evidence which of necessity is to be used and weighed in deciding the ultimate issues, it is too late to disqualify him on the ground of bias and prejudice. * * *" 78 Ariz. at 315, 279 P.2d at 725.

In *Itasca State Bank v. Superior Court*, 8 Ariz.App. 279, 445 P.2d 555 (1968), we held that where the evidence presented at a default judgment hearing could not be "used or weighed" in deciding issues presented in a proceeding for a preliminary injunction to prevent a sale to satisfy the judgment, the court had not heard "evidence" which would make untimely a subsequently filed affidavit of disqualification of the judge. We stated:

"It would seem, therefore, that before the rule of waiver can come into play, the hearing must involve a *contested* issue of law or fact. [Citation omitted]" (Emphasis in original) 8 Ariz.App. at 281, 445 P.2d at 557.

In ruling on the motion to compel answers to interrogatories, the respondent judge was not concerned with the merits of the action and did not consider evidence. Under these circumstances, petitioner's affidavit was timely filed and respondent could perform no other function but to transfer the case to another judge. *Truck Equipment Co. of Arizona v. Vanlandingham*, 103 Ariz. 402, 442 P.2d 849 (1968).

The issuance of this opinion shall constitute a mandate to transfer the case to another judge.

HOWARD, C. J., and HATHAWAY, J., concurring.