597 P.2d 983

**Willis E. DUDLEY, and Margaret E. Dudley, his wife, Petitioners,**

v.

**SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA, and the Honorable Judge Philip W. Marquardt, and Joseph A. Tenka, Respondents.**

No. 14327.

Supreme Court of Arizona, In Banc.

July 6, 1979.

Porter, Stahnke, Phillips, Kempton & Tobler by Lorin G. Tobler, Tempe, for petitioner.

Morgan, Cord & Crail by B. Monte Morgan, Scottsdale, for respondent.

STRUCKMEYER, Vice Chief Justice.

This special action seeks to review an order of the Superior Court of Maricopa County which denied petitioners a change of judge. Relief granted.

On November 7, 1977, petitioners filed suit against respondent Joseph A. Tenka. On September 25, 1978, Tenka filed a motion for leave to amend his answer and counterclaim. This motion was granted by the Superior Court on December 26, 1978.

Petitioners filed a motion for change of judge on March 30, 1979. In a minute entry dated April 5, 1979, the Superior Court declined to honor the notice of change of judge for the reason that its ruling on the motion for leave to amend was on a matter involving the merits of the case.

By Rule 42(f)1.(A) of the Rules of Civil Procedure, 16 A.R.S., "In any action pending in superior court, each side is entitled as a matter of right to a change of one judge * * *." Rule 42(f)1.(D) provides:

"A party waives his right to change of judge as a matter of right when, after a judge is assigned to preside at trial or is otherwise permanently assigned to the action, the party participates before that judge in:

(i) Any judicial proceeding which concerns the merits of the action and involves the consideration of evidence or of affidavits;

* * * * * * "

In *King v. Superior Court, in and for the County of Maricopa*, 108 Ariz. 492, 494, 502 P.2d 529, 531 (1972), we commented in this fashion on Rule 42(f):

" * * * what the rule means is that the right to a peremptory challenge against the trial judge is lost as soon as the parties have reason to know how he feels about any aspect of the merits of the case."

It is Tenka's position that because the Superior Court reviewed the proposed answer and counterclaim before it ruled on his motion for leave to amend, the ruling necessarily concerned the merits of the action.

While the words "merits of the action" are not readily definable in a technical sense, nonetheless they may "be regarded as referring to significant legal rights as distinguished from technicalities relating to

only procedure or form." *Northwest Airlines, Inc. v. North Dakota Board of Equalization,* 244 N.W.2d 708, 710 (N.D.1976).

By Rule 15(a), Rules of Civil Procedure, the trial court should freely give leave to amend so that the litigant is afforded the opportunity to test his claims on the merits. See *Spitz v. Bache & Company, Inc.,* 122 Ariz. 530, 596 P.2d 365 (1979). The granting of a motion to amend does not settle legal rights; it merely permits the moving party to redefine the issues involved in the law suit. The parties cannot know from the court's ruling how it views the merits of a case. The application for change of judge should have been granted.

Respondent Tenka asserts, however, that petitioners failed to file a timely notice of change of judge as required by Rule 42(f)1.(C). That rule in its pertinent part provides:

"Failure to file a timely notice precludes change of judge as a matter of right. A notice is timely if filed twenty or more days before the date set for trial."

While it is true that the notice for change of judge was not filed prior to the first trial date, it was filed more than twenty days before the date of the last trial setting. The sequence of events was as follows: On June 5, 1978, the case was set for trial on October 11, 1978. It was not tried on that date, but on October 13, 1978 it was reset for trial on January 17, 1979. The case was not tried on that date, but on January 26, 1979 was reset for trial on May 15, 1979. Petitioners' notice for change of judge was filed on March 30, 1979. We hold that notice for change of judge is timely if filed twenty or more days prior to the actual trial for the reason that the purpose of the rule is to provide sufficient time to obtain a new trial judge by the day set for trial if the original trial judge is disqualified because of an application for change of judge.

Remanded for proceedings consistent with the views herein set forth.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.