681 P.2d 928

Leonard C. **RHODES** and Carol A. **Rhodes**, husband and wife; **United Home Food Service, Inc.**, Petitioners,

v.

Honorable Lillian S. **FISHER**, Superior Court of the State of Arizona In and For the County of Pima; and Roger O'Mahen and Jane O'Mahen, husband and wife; and John Manzo and Madeline Manzo, husband and wife, Real Parties in Interest, Respondents.

No. 2 CA–SA 0072.

Court of Appeals of Arizona, Division 2.

May 21, 1984.

Quigley & Quigley, P.C. by John M. Quigley, Tucson, for petitioners.

Thomas A. Curti, P.C., George J. Feulner, P.C. and Croswell & Cornelio, by George J. Feulner, Tucson, for real parties in interest.

## OPINION

HATHAWAY, Judge.

Petitioners' special action challenges the respondent court's refusal to honor petitioners' notice of change of judge. Because the petitioners are without an adequate remedy by appeal, and because the respondent court proceeded in excess of her jurisdiction, we assume jurisdiction and grant relief.

The real parties in interest are plaintiffs in a case filed on March 29, 1982, alleging as causes of action against the petitioners consumer fraud, racketeering, common law fraud, breach of contract and violation of truth-in-lending laws. On September 6, 1983, the real parties in interest served a

second set of interrogatories on petitioners. A hearing was held on November 18 on the motion of the real parties in interest to compel discovery and on the petitioners' request for a protective order. The court issued its order compelling discovery on November 29, 1983.[1]

On March 6, 1984, the court denied a motion to strike petitioners' answers for failure to provide discovery. On April 2, counsel for the real parties in interest filed a second motion to strike the answers of petitioners United Home Food Service of Phoenix, Inc. and Leonard and Carol Rhodes, alleging failure to comply with previous discovery orders. The hearing was set for April 16. On April 13, petitioners, pursuant to Rule 42(f), Rules of Civil Procedure, 16 A.R.S., served a notice of change of judge. On April 16, the court refused to honor the notice and referred the case to the presiding judge. On that same date, the presiding judge referred the matter back to the respondent court for a determination as to whether the petitioners had waived their right to a change of judge. By minute entry of April 17, the respondent court found such a waiver because she had previously been permitted "to hear and rule on the Motion to Compel." This special action was taken from that order.

The applicable provisions of rule 42(f) state:

"1. Change as a matter of right.

(A) Nature of proceedings. In any action pending in superior court, each side is entitled as a matter of right to a change of one judge and of one court commissioner . . . .

\*   \*   \*   \*   \*   \*

(C) Time. Failure to file a timely notice precludes change of judge as a matter of right. A notice is timely if filed sixty (60) or more days before the date set for trial. Whenever an assignment is made which identifies the trial judge for the first time or which changes the trial

---

1. The November 29, 1983, order was the subject of a special action to this court, 2 CA–SA 0018. We declined to accept jurisdiction by order of January 25, 1984.

judge, a notice shall be timely filed as to the newly assigned judge if filed within ten (10) days after such new assignment and before trial commences.

(D) Waiver. A party waives his right to change of judge as a matter of right when, after a judge is assigned to preside at trial or is otherwise permanently assigned to the action, the party agrees to the assignment or participates before that judge in:

(i) Any judicial proceeding which concerns the merits of the action and involves the consideration of evidence or of affidavits; ..."

The provisions of Rule 42(f)(1)(C) were not the basis for the court's ruling, and the notice of change of judge was not untimely thereunder since the case had not been assigned a trial date. Contrary to the contention of the real parties in interest, Rule 42(f)(1)(D) does apply as the record supports the inference that the respondent judge had been assigned to the case. The question raised by the special action then, is whether the discovery hearings held constituted a "judicial proceeding which concerns the merits of the action and involves the consideration of evidence or of affidavits" as contemplated by Rule 42(f)(1)(D)(i).

In *Gant v. Helm*, 25 Ariz.App. 583, 545 P.2d 431 (1976), we were faced with a special action wherein the petitioner was challenging the court's denial of her notice of change of judge because he had previously entered an order compelling her to answer certain interrogatories. We wrote:

"Rule 42(f), Rules of Civil Procedure, was amended in 1971. The State Bar Committee Note with respect to subsection (D) dealing with waiver points out that the above-quoted portion of the rule expressly includes affidavits as well as other types of evidence concerning the merits of the action and that the remainder of the rule is consistent with existing case law, citing as an example *Marsin v. Udall*, 78 Ariz. 309, 279 P.2d 721 (1955). In *Marsin*, supra, the Supreme Court stated:

'* * * [T]his court is committed to the rule that if a judge is allowed to receive evidence which of necessity is to be used and weighed in deciding the ultimate issues, it is too late to disqualify him on the ground of bias and prejudice. * * *' 78 Ariz. at 315, 279 P.2d at 725.

In *Itasca State Bank v. Superior Court*, 8 Ariz.App. 279, 445 P.2d 555 (1968), we held that where the evidence presented at a default judgment hearing could not be 'used or weighed' in deciding issues presented in a proceeding for a preliminary injunction to prevent a sale to satisfy the judgment, the court had not heard 'evidence' which would make untimely a subsequently filed affidavit of disqualification of the judge. We stated: 'It would seem, therefore, that before the rule of waiver can come into play, the hearing must involve a *contested* issue of law or fact. [Citation omitted] (Emphasis in original) 8 Ariz.App. at 281, 445 P.2d at 557.'

In ruling on the motion to compel answers to interrogatories, the respondent judge was not concerned with the merits of the action and did not consider evidence. Under these circumstances, petitioner's affidavit was timely filed and respondent could perform no other function but to transfer the case to another judge. *Truck Equipment Co. of Arizona v. Vanlandingham*, 103 Ariz. 402, 442 P.2d 849 (1968)." 25 Ariz.App. at 584, 545 P.2d 431.

In *Dudley v. Superior Court*, 123 Ariz. 80, 597 P.2d 983 (1979), our supreme court quoted from its opinion in *King v. Superior Court*, 108 Ariz. 492, 502 P.2d 529 (1972):

"'... what the rule means is that the right to a peremptory challenge against the trial judge is lost as soon as the parties have reason to know how he feels about any aspect of the merits of the case.'" 123 Ariz. at 81, 597 P.2d at 984.

The court went on to say that while it was difficult to define what is meant by "merits of the action," the term may "'be regarded as referring to significant legal rights as

distinguished from technicalities relating to only procedure or form,' " 123 Ariz. at 81–82, 597 P.2d at 984, quoting from *Northwest Airlines, Inc. v. North Dakota Board of Equalization,* 244 N.W.2d 708, 710 (N.D.1976).

In *Schmid v. Miller,* 619 P.2d 1 (Alaska 1980), the only action in the case prior to the filing of the notice of change of judge was a hearing on a party's request for a temporary restraining order. The Alaska Supreme Court found that since such action occurred prior to the case being at issue on the facts and no evidence or affidavits were considered at the hearing, there was no basis for finding a waiver of the peremptory challenge under Alaska Rules of Civil Procedure 42(c)(4)(i), identical to our Rule 42(f)(1)(D)(i).

Here, the court found a waiver since the real parties in interest had moved to strike pleadings based on the petitioners' alleged noncompliance with the court's order to compel. However, such pretrial discovery maneuverings do not involve contested issues of law or fact as contemplated by Rule 42(f)(1)(D)(i). See *Itasca State Bank v. Superior Court,* supra, citing *In re Cuneo's Estate,* 214 Cal.App.2d 381, 29 Cal. Rptr. 497 (1963). The parties do not have reason to know how a court feels about the merits of the case based on discovery orders, and there was no basis for finding a waiver by petitioners of their peremptory challenge. The order of the court finding such waiver is vacated and the court is ordered to honor the notice of change of judge.

BIRDSALL, C.J., and HOWARD, J., concur.