741 P.2d 319

Guiseppe GUARRASCIO, Petitioner,

v.

The Honorable Lillian S. FISHER, Judge of the Superior Court In and For the County of Pima, Respondent,

and

SKANCO INTERNATIONAL, LTD., an Arizona corporation; Skanco International, Ltd., As Managing General Agent for Underwriter's at Lloyd's, London; Underwriter's at Lloyd's, London; and Mary Frances McCarthy, d.b.a. Mary Frances McCarthy Insurance Agency, a Sole Proprietorship, Real Parties in Interest.

No. 2 CA–SA 87–0052.

Court of Appeals of Arizona, Division 2, Department A.

June 30, 1987.

Miller & Pitt, P.C. by Lindsay Brew, Tucson, for petitioner.

Bury, Moeller, Humphrey & O'Meara by Kevin Miniat, Tucson, for real party in interest McCarthy.

## OPINION

FERNANDEZ, Judge.

Petitioner Guiseppe Guarrascio, plaintiff below, has brought this special action to challenge the refusal of the respondent judge to honor his notice of change of judge filed pursuant to Rule 42(f)(1), Rules of Civil Procedure, 16 A.R.S. Because petitioner has no equally plain, speedy or adequate remedy by way of appeal, and because we conclude that the respondent failed to perform a duty required by law as to which she had no discretion, we accept jurisdiction and grant relief. Rules 1 and 3(a), Rules of Procedure for Special Actions, 17A A.R.S.

By notice dated May 13, 1986, the parties to this action were advised by the Pima County Court Administrator that the case had been permanently assigned to Judge Fisher. Guarrascio's notice of change of judge was filed on May 12, 1987, and was "declined" by Judge Fisher on the following day on the ground that the court had "ruled on matters of law on this case."

Rule 42 provides in pertinent part as follows:

**42(f) Change of judge.**

1. *Change as a matter of right.*

(A) **Nature of proceedings.** In any action pending in superior court, each side is entitled as a matter of right to a change of one judge and of one court commissioner.... A party wishing to exercise his right to change of judge shall file a "Notice of Change of Judge." The notice may be signed by an attorney; it shall state the name of the judge to be changed; and it shall neither specify grounds nor be accompanied by an affidavit....

\* \* \* \* \* \*

(C) **Time.** Failure to file a timely notice precludes change of judge as a matter of right. A notice is timely if filed sixty (60) or more days before the date set for trial. Whenever an assignment is made which identifies the trial judge for the first time or which changes the trial judge, a notice shall be timely filed as to the newly assigned judge if filed within ten (10) days after such new assignment and before trial commences.

(D) **Waiver.** A party waives his right to change of judge as a matter of right when, after a judge is assigned to preside at trial or is otherwise permanently assigned to the action, the party agrees to the assignment or participates before that judge in:

(i) Any judicial proceeding which concerns the merits of the action and involves the consideration of evidence or of affidavits; or

(ii) A pretrial conference; or

(iii) The commencement of a trial.

■ Real party in interest McCarthy contends initially that the notice was untimely because it was not filed within 10 days of Judge Fisher's assignment to the case. We disagree. To construe the rule in this manner would be to render the second sentence of subparagraph (C) meaningless. The only logical construction of the rule is that the 10–day limitation applies only in those cases in which the initial assignment or change of judge occurs within 60 days prior to the date set for trial. The trial in this case is set for July 21, 1987; therefore, the notice was timely filed.

■ McCarthy further argues that Guarrascio has waived his right to a change of judge under Rule 42(f)(1)(D) by having participated in several matters before Judge Fisher involving the merits of the case. The matters heard by Judge Fisher were as follows.

Prior to Judge Fisher's assignment to the case, defendant McCarthy filed a motion to permit her to subpoena Guarrascio's bank records. Guarrascio's complaint alleged bad faith refusal to pay a $140,000 claim on an insurance policy covering jewelry alleged to have been stolen. Defendants apparently claimed that the theft was feigned and that Guarrascio was attempting to defraud them. In her motion, McCarthy argued that evidence of Guarrascio's financial condition which might be gleaned from his bank records could provide a motive for the alleged insurance fraud and was therefore relevant.

Guarrascio opposed the motion on grounds that the evidence sought was either not relevant or that its "marginal" relevance was insufficient to outweigh his privacy rights. He further contended that the motion had previously been denied by another judge and that nothing had transpired since that prior order which would warrant a different result. Judge Fisher heard argument on the motion on May 19, 1986, and entered an order granting the motion, finding that additional discovery had revealed evidence that an examination of the records could lead to discoverable and relevant evidence. The court further found that the records were not privileged and that, if the records could provide evidence of a motive for committing fraud, that evidence would be relevant.

The second matter heard by Judge Fisher was a motion to continue the trial date because of the need to conduct additional discovery. McCarthy conceded at oral argument that the motion did not involve the merits of the case.

The third matter was a hearing on McCarthy's motion to require Guarrascio to comply with the mandate of this court in a prior special action ordering Guarrascio to submit to an examination, pursuant to Rule 67(e), Rules of Civil Procedure, 16 A.R.S., concerning his claimed inability to post a security bond for costs. In response to this motion, Guarrascio requested that the examination be conducted telephonically in light of the fact that he resided in Italy and that the expense of traveling to Arizona was substantial when compared with the amount of the bond ($2,000). This request was denied by Judge Fisher without a hearing. Then, following argument by counsel, Judge Fisher ordered Guarrascio to post bond no later than October 31, 1986.

The dispute between the parties on the issue of waiver under Rule 42(f)(1)(D) concerns the meaning of the phrase "[a]ny judicial proceeding which concerns the merits of the action and involves the consideration of evidence or of affidavits...." If any of the above matters constitutes such a judicial proceeding, Guarrascio has waived his right to a change of judge. We note that the rule is conjunctive: the proceedings must both concern the merits *and* involve the consideration of evidence or affidavits.

Our supreme court has previously construed this rule to mean that "the right to a peremptory challenge against the trial judge is lost as soon as the parties have reason to know how he feels about any aspect of the merits of the case." *King v. Superior Court in and for County of Maricopa*, 108 Ariz. 492, 494, 502 P.2d 529, 531 (1972); see also *Dudley v. Superior Court in and for County of Maricopa*, 123 Ariz. 80, 597 P.2d 983 (1979). In *Dudley*, the supreme court stated: "While the

words 'merits of the action' are not readily definable in a technical sense, nonetheless they may 'be regarded as referring to significant legal rights as distinguished from technicalities relating to only procedure or form.'" 123 Ariz. at 81–82, 597 P.2d at 984–85, quoting *Northwest Airlines, Inc. v. State Board of Equalization*, 244 N.W.2d 708, 710 (N.D.1976). Further, the court has held that, although receipt of evidence "which of necessity is to be used and weighed in deciding the ultimate issues" will constitute a waiver, evidence of "collateral matters not bearing on the final decision" does not. *Marsin v. Udall*, 78 Ariz. 309, 315, 279 P.2d 721, 725 (1955).

McCarthy contends that the hearings on the motion to permit the subpoena of bank records and the motion to comply with the mandate both involved the merits of the action and the submission of evidence. The basis for the first contention appears to be that in both instances "the entire factual background of the case was explained to the judge." We note that at neither hearing was testimony taken nor evidence presented. Rather, the "evidence" McCarthy cites is Guarrascio's deposition and discovery from other sources which were used to argue, first, the relevance of the bank records and, second, the dubious credibility of Guarrascio's claimed inability to post bond.

We do not believe that either hearing concerned the merits of the action within the meaning of Rule 42(f)(1)(D). We have previously held that hearings on motions to compel answers to interrogatories do not involve the merits of a case. *Rhodes v. Fisher*, 140 Ariz. 345, 681 P.2d 928 (App. 1984); *Gant v. Helm*, 25 Ariz.App. 583, 545 P.2d 431 (1976). As we noted in *Rhodes*, "such pretrial discovery maneuverings do not involve contested issues of law or fact as contemplated by Rule 42(f)(1)(D)(i)." 140 Ariz. at 348, 681 P.2d at 931. "The term 'merits' is defined as the real or substantial grounds of action or defense as distinguished from matters of practice, procedure, jurisdiction, or form." *Josephson's National Bar Review Centers, Inc. v. Nexus Corp.*, 359 F.Supp. 1144, 1146 (N.D.Ill. 1973); see also *Flick v. Crouch*, 434 P.2d 256 (Okla.1967). Evidentiary matters, such

as the trial court's ruling as to the relevance of evidence which might be discovered in Guarrascio's bank records, are generally considered procedural rather than substantive. See *State ex rel. Collins v. Seidel*, 142 Ariz. 587, 691 P.2d 678 (1984). Certainly the determination of whether a party may be examined by telephone rather than in person does not go to the merits of the action. Nor does the fact that the argument on the motions included an explanation of "the entire factual background of the case" turn the hearings into judicial proceedings concerning the merits, as contemplated by the rule.

In sum, we hold that Guarrascio's notice was timely filed and was not waived by his participation in prior hearings before Judge Fisher. The cause is therefore remanded to the superior court with directions to honor the notice and to refer the case to the presiding judge for reassignment. Petitioner will be awarded attorney's fees pursuant to Rule 4(f), Rules of Procedure for Special Actions, 17A A.R.S. (1986 Supp.), upon filing a statement of costs as required by Rule 21(c), Rules of Civil Appellate Procedure, 17A A.R.S. (1986 Supp.).

HATHAWAY, C.J., and HOWARD, P.J., concur.