NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

CINDI CLARK, *Petitioner*,

*v.*

THE HONORABLE WILLIAM L. BROTHERTON, JR., Judge of the
SUPERIOR COURT OF THE STATE OF ARIZONA, in and for the County
of MARICOPA, *Respondent Judge*,

NATHAN P. CLARK, *Real Party in Interest*.

No. 1 CA-SA 14-0251

FILED 1-22-2015

Petition for Special Action from the Superior Court in Maricopa County
No. FC2013-008060
The Honorable William L. Brotherton, Judge

**RELIEF GRANTED**

COUNSEL

Davis Miles McGuire Gardner, PLLC, Tempe
By Douglas C. Gardner
*Counsel for Petitioner*

Steven M. Ellsworth, PC, Mesa
By Steven M. Ellsworth
*Counsel for Real Party in Interest*

---

**DECISION ORDER**

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Peter B. Swann joined.

---

**C A T T A N I**, Judge:

¶1        Cindi Clark seeks special action relief from the superior court's order denying her request for change of judge as a matter of right. Because an order of this type may only be reviewed by special action and not on direct appeal, *see Taliaferro v. Taliaferro*, 186 Ariz. 221, 223, 921 P.2d 21, 23 (1996), we previously accepted jurisdiction in an order issued December 18, 2014. Real Party in Interest Nathan Clark did not file a response to the petition.

¶2        The underlying case is a dissolution proceeding between Cindi and Nathan Clark. In mid-2014, the case was set for trial on September 15. Later, on July 1, Respondent Judge was assigned as trial judge, 76 days before the then-set trial date. In mid-August, 28 days before the then-set trial date, the parties stipulated to a continuance, which the court granted. The order continued trial without setting a new trial date, and set a status conference for October 27.

¶3        On October 14, before the trial had been reset, Cindi Clark filed a notice seeking a change of judge as a matter of right. At the status conference later in October, the court denied Clark's request for a change of judge and reset trial for February 3, 2015. This special action followed.

¶4        Under Arizona Rule of Civil Procedure 42(f)(1), "each side is entitled as a matter of right to a change of one judge." A notice of change of judge generally must be filed at least 60 days before the date set for trial; if a new judge is assigned within 60 days of trial, however, the notice must be filed within 10 days of the new assignment. Ariz. R. Civ. P. 42(f)(1)(C). Failure to timely file the notice precludes a peremptory change of judge. *Id.*

¶5        Here, the 10-day rule is inapplicable because Respondent Judge was assigned more than 60 days before the September 15 trial date. Additionally, when Clark filed her notice of change of judge in October, the trial date had already been continued but had not yet been reset. Although the notice was not filed prior to the original September trial date, it was

timely as to the relevant, later trial setting for February 3, 2015. *See Dudley v. Superior Court*, 123 Ariz. 80, 82, 597 P.2d 983, 985 (1979) ("We hold that notice for change of judge is timely if filed twenty [now 60] or more days prior to the actual trial for the reason that the purpose of the rule is to provide sufficient time to obtain a new trial judge by the day set for trial if the original trial judge is disqualified because of an application for change of judge.").

**¶6**   A party may also waive the right to a change of judge as a matter of right by agreeing to the assignment or if, "after notice to the parties the judge rules on any contested issue; or the judge grants or denies a motion to dispose of one or more claims or defenses in the action; or the judge holds a scheduled conference or contested hearing; or trial commences." Ariz. R. Civ. P. 42(f)(1)(D). None of these circumstances apply here. There is no record that Clark agreed to the assignment, and Respondent Judge addressed only uncontested matters—such as the stipulated motion to continue—before Clark's notice. Moreover, Clark filed her notice almost two weeks before the October status conference.

**¶7**   Accordingly, because Clark's notice was timely filed and because she did not waive her right to a change of judge as a matter of right, we grant relief and reverse the decision denying the notice of change of judge. We deny, however, Clark's request under A.R.S. § 25-324 for attorney's fees incurred in this special action. Given the unique circumstances of this case, we also deny her request for costs.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama