STATE of Wyoming, upon the relation of Valentine PETRO, and his attorneys, E. E. Lonabaugh and Bruce P. Badley, Plaintiffs,

v.

The DISTRICT COURT OF SHERIDAN COUNTY and the Honorable John P. Ilsley, Judge Thereof, Defendant.

No. 3249.

Supreme Court of Wyoming.

March 5, 1964.

E. E. Lonabaugh and Bruce P. Badley, Sheridan, for plaintiffs.

John P. Ilsley, Judge of the Fourth Judicial District, Sheridan, for defendant.

Henry A. Burgess, Sheridan, appearing amicus curiae for James H. Ashmore.

Before PARKER, C. J., and HARNSBERGER, GRAY, and McINTYRE, JJ.

PER CURIAM.

The relator-Valentine Petro and his attorneys, E. E. Lonabaugh and Bruce P. Badley, have filed a petition seeking a writ of mandamus against the Honorable John P. Ilsley, Judge of the District Court in Sheridan County.

It is alleged that, in a certain civil action pending in Judge Ilsley's court, Valentine Petro, as one of the parties thereto, filed a proper affidavit for change of judge on December 6, 1963; that Judge Ilsley has not called on some other judge of the state to preside in the trial of the case, as required by § 1–53, W.S.1957; and more than ten days have elapsed since the filing of the affidavit for change.

Petro's affidavit states that he believes he cannot obtain a fair and impartial trial on account of the "interest" of the Honorable John P. Ilsley. No other reason for his belief is assigned. Judge Ilsley counters the petition for mandamus on the ground that he actually has no interest in the pending case except for his performance of duty as a judicial officer; that Petro has failed to state or show what interest is claimed; and that the affidavit is not an affidavit of prejudice.

The defendant argues that interest is not a disqualification for a judge, unless the interest is either pecuniary, financial, proprietary, a relationship to the parties, or some other interest that might preclude the parties from having a fair or impartial trial. He also claims that when an affidavit for change is filed, based upon interest, facts must be shown as to the interest that is exhibited in the subject matter or outcome of the case.

Parties recognize and agree that it is settled in this state, when a party files an affidavit stating he believes that on account of the bias or prejudice of the presiding judge he cannot obtain a fair trial, the presiding judge is immediately divested

of further jurisdiction other than to call in another district judge of the state to preside in the trial of the case. Huhn v. Quinn, 21 Wyo. 51, 128 P. 514, 515; Washakie Livestock Loan Co. v. Meigh, 47 Wyo. 161, 33 P.2d 922, 924.

Although Petro did not file an affidavit in this case alleging bias or prejudice on the part of Judge Ilsley, he makes it abundantly clear in his memorandum of authorities to us that he is claiming exactly that. He says, for example, the type of "interest" set forth in his affidavit is the bias or prejudice type as distinguished from pecuniary interest, which is not alleged. Again he submits that the words "bias," "prejudice" or 'interest" may be used interchangeably and the effect is the same.

Therefore, in view of the fact that relator-Petro has placed such an interpretation on his affidavit, we will so construe it as far as the case pending in Sheridan County is concerned. Hence, from and after the rendering of this decision the affidavit for change of judge, which has been filed in the District Court of Sheridan County, in Civil Case No. 14131, shall be construed to mean that the affiant believes he cannot obtain a fair and impartial trial on account of the bias and prejudice of the Honorable John P. Ilsley, presiding judge, to the same extent and purpose as if he had so alleged in exact words.

Accordingly, the presiding judge, the Honorable John P. Ilsley, shall within ten days from notification of this opinion perform the statutory duties imposed upon him under § 1–53, W.S.1957, by calling on some other district judge of the state to preside in the trial of such case.