425 P.2d 422

Jacquelyn Mary B. NEWSOM, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA and The Honorable William A. Holohan, Judge of the Superior Court, Respondents.

No. 8954.

Supreme Court of Arizona.

In Banc.

March 23, 1967.

Louise C. Powell, Phoenix, for petitioner.

Patrick W. O'Reilly, Phoenix, for Ruffner Cochran, Jr., executor of the estate of Madeline M. Edixon, deceased, real party in interest.

## PER CURIAM.

This court heretofore issued a peremptory writ of prohibition and announced that this written opinion would follow.

The respondent judge was designated to hear a pre-trial conference on January 11, 1967. During this hearing there was admitted in evidence a note and mortgage and other exhibits were marked for identification in support of the plaintiff's foreclosure complaint. At the conclusion of this hearing the court made an order "setting this cause for trial * * * to the court in Division 11".

This court under its constitutional power adopted an amendment to the Uniform Rules of Practice for Maricopa County to become effective February 1, 1967. As amended Rule XVI (d) provides "All cases * * * shall be assigned a trial division number by the court administrator, which division will thereafter process the case to conclusion * * *." 17 A.R.S. Prior to this amendment the rules did not provide for permanent assignment of cases and it was highly unlikely that the same judge who presided at a pre-trial conference would sit at the trial.

When petitioner was advised (after the effective date of the rule amendment) that this case had been permanently assigned to the respondent judge she filed and served her affidavit of bias and prejudice peremptorily challenging the judge. The respondent judge refused to transfer the action to another judge on the premise that the affidavit was not timely filed since he had presided at the pre-trial conference hearing in which evidence was admitted and orders made.

Whether an affidavit of bias and prejudice is timely filed depends upon the law of waiver and before one can be said to have waived the right, he must first have had an opportunity to exercise it. The right to a fair and impartial judge is a valuable substantive right. Marsin v. Udall, 78 Ariz. 309, 312, 279 P.2d 721. In the Marsin case we reaffirmed Stephens v. Stephens, 17 Ariz. 306, 152 P. 164 which committed us to the rule that when the court had heard a contested motion and had made an order requiring the defendant to pay costs, the right to disqualify the judge was not waived and was timely made after the court's decision, and we disapproved Arizona Conference Corp. v. Barry, 72 Ariz. 74, 231 P.2d 426 to the extent that it is authority for the proposition that a party permitting a judge to pass upon any litigated or contested matter whatever, either on motion or plea, waives his right to disqualify the judge.

Petitioner had every right to rely upon A.R.S. § 12–409, subsec. B, par. 5 entitling her to one peremptory challenge and under the circumstances here she is not to be penalized for electing not to exercise her peremptory right at the pre-trial state.

Writ of prohibition made permanent.