495 P.2d 255 (1972)
STATE of Wyoming, upon the Relation of Eldon JOHNSTON, Majority Stockholder and Chief Executive Officer of Plaintiff Corporations, et al., Plaintiff,
v.
The DISTRICT COURT OF PLATTE COUNTY, and the Honorable John F. Raper, Judge Thereof, Defendants.
No. 4085.
Supreme Court of Wyoming.
March 29, 1972.
Jones, Jones, Vines & Hunkins, and Raymond B. Hunkins, Wheatland, for plaintiff.
D.N. Sherard, Wheatland, for defendants.
Before McINTYRE, C.J., and PARKER, McEWAN and GUTHRIE, JJ.
PER CURIAM.
After plaintiff corporations, which filed complaint for an injunction concerning a road matter in district court, had introduced evidence and participated in a rather extensive hearing to secure preliminary injunction, and the court had ruled both orally and in writing denying the temporary relief, they filed motion for change of judge. When the motion was denied, the majority stockholder of the corporations filed a petition in this court asking for writ of mandamus requiring the district judge to forthwith call in another judge (or alternatively a writ of prohibition ordering the judge to refrain from further proceedings).
Relator urges that under the provisions of § 1-53, W.S. 1957, and Rule 40.1(b), W.R.C.P., when a party files an affidavit stating he believes that on account of the bias or prejudice of the presiding judge he cannot obtain a fair trial, the presiding judge is immediately divested of further jurisdiction except to call in another district judge to preside at the trial and substantiates this with precedent. This view is countered with the response that the trial has already been conducted in part, that under the provisions of Rule 65(a) (2), W.R.C.P., the evidence received upon the application for preliminary injunction would be admissible upon the trial on the merits, and that accordingly the affidavit was not timely filed.
The nub of the question thus raised is the meaning of the word "trial" as used in Rules 40.1(b) and 65(a) (2). For perspective we need refer to the history of disqualifying judges in Wyoming. Since earliest territorial days, first by statute and later by rule, upon the mere filing of an affidavit without substantiation or hearing thereon, stating affiant's belief that on account of bias or prejudice of the presiding *256 judge he could not obtain a fair trial, the judge has been required to make and enter an order calling in some other judge to preside. This circumstance plainly has led to some abuses, which have been magnified when there has not been a timely filing of the request.
It goes without saying that the proper administration of justice requires the presiding judge to be wholly fair, open-minded, disinterested, and independent, but when objection because he is not is allowed carte blanche, without proof and without restrictions in time, serious interference is occasioned in procedures. For this reason the supreme court recently, acting upon complaints concerning existing difficulties, undertook to remedy the situation by the provisions of Rule 40.1(b) (1):
"Any party, at least fifteen (15) days prior to the date set for trial, may move for a change of district judge on the grounds * * * (B) that the party or his counsel believes that the presiding judge is biased or prejudiced against the movant. The motion shall be supported by an affidavit made by either the party or his counsel * * * with a certificate of counsel attached that such affidavit is made in good faith and not for the purpose of delay. * * * The presiding judge shall forthwith call in another district judge, not disqualified, to try the action."
In considering the matter before us, it is apparent that an ambiguity still remains in the requirements for change of judge in that there is a lack of specificity as to the meaning of the word "trial," and of course, in that connection, the rule must be read in pari materia with Rule 65(a) (2):
"Consolidation of Hearing With Trial on Merits. Before or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application. Even when this consolidation is not ordered, any evidence received upon an application for a preliminary injunction which would be admissible upon the trial on the merits becomes part of the record on the trial and need not be repeated upon the trial. This subdivision (a) (2) shall be so construed and applied as to save to the parties any rights they may have to trial by jury." (Emphasis supplied.)
Although it is our view that no litigant can reasonably or equitably pick and choose his judge after the start of any hearing on a contested matter or pretrial proceeding, nevertheless we must concede that neither the statutes, which were the genesis of Rule 40.1, or the rule itself is so restrictive. Accordingly, we grant the request and require the calling of another judge to hear the trial on the merits.