**Dale C. MEYER, Appellant (Plaintiff below),**

v.

**Patsy Ann MEYER, Appellee (Defendant below).**

**No. 4477.**

Supreme Court of Wyoming.

July 25, 1975.

Richard W. Ferry, Cody, for appellant.

No appearance or brief filed for appellee.

Before RAPER, THOMAS and ROSE, JJ.

RAPER, Justice.

The following relevant events took place with respect to the post-divorce proceedings here on appeal:

1. *September 18, 1973.* Appellant-plaintiff was granted a divorce from appellee-defendant and given custody of two of the

children. The defendant was given custody of one child. The case was tried by a special judge assigned from another judicial district.

2. *June 11, 1974.* Defendant filed a motion for modification with respect to child custody.

3. June *17, 1974.* Order to show cause, with a hearing date of July 2, 1974, set by the court, served on plaintiff.

4. *June 17, 1974.* Plaintiff filed petition for modification with respect to child custody. Concurrently he filed a motion for change of presiding judge with supporting affidavit. The trial judge before whom the original divorce action was tried was to hear the modification proceeding.

5. *June 19, 1974.* Trial judge wrote letter to parties, in pertinent part as follows:

"This is to advise you that I will hear these matters on July 2 as ordered, since your Affidavit insofar as the petition is not timely, and certainly the motion is not timely insofar as the Order to Show Cause is concerned since there has been a trial in this matter and this is based on a judgment entered by the court previously, and the motion would not meet the requirements of Rule 40.1, Rules of Civil Procedure. Also, even if the Petition for Modification would be considered a new trial, the Motion for Change of Judge was not timely filed in that matter."

6. *July 2, 1974.* Case tried.

The motion was timely filed; as we compute the time, excluding the date of filing and including the date set for hearing, exactly 15 days transpired. Rule 6(a), W.R.C.P., provides that:

"In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the

day of the act, event, or default from which the designated period of time begins to run *shall* not be included. The last day of the period so computed *shall* be included, * * *." (Emphasis supplied.)

There is no need to define the word "prior" as it appears in Rule 40.1(b)(1), W.R.C.P., "Any party, at least fifteen (15) days *prior*[1] to the date set for trial, may move for a change of district judge * * *." Rule 6(a), W.R.C.P., makes no exception to cover the situation here existing.

Even if the computation were otherwise, a trial judge may not by short notice deprive a party in a proper case from disqualifying him to preside. In this case, if the plaintiff's motion for change of judge is not timely, so must also the court's notice of trial be insufficient, both of which were filed on the same day. It would have been impossible for the plaintiff to move with more haste. This does not mean a court may not set a trial on less than 15 days' notice; it only means that if a court should do so, a party will not thereby have taken away from him the right to disqualify the trial judge.

The next question then is whether or not upon an application for change of judge on a motion for modification of a divorce decree with respect to child custody, the judge entering that decree can be disqualified. The answer is that he can be and the reasoning has been settled in *Leitner v. Lonabaugh*, Wyo.1965, 402 P.2d 713, 718, when it was said:

"* * * Assuming that the [divorce] decree is not disturbed by the trial judge on post-motions or on appeal, it would seem to follow logically that when a special judge has rendered such a decree his function and authority in the case are at an end. What is there then that would

---

1. Rule 40.1(b) has been amended effective June 25, 1975, and used the word "before" instead of "prior." This would not change our ruling. We note, also, under the amended rule, if the trial date is "within fifteen days after the order of setting," the trial judge may be disqualified "within five days after receipt of such order."

warrant a different view simply because the decree was entered in a divorce case involving custody of children and to that extent was subject to modification? Nothing that we can find."

The question was so thoroughly discussed in *Leitner* that we need not extensively review what was there said. In summary, the case decides that a modification proceeding involves new issues with facts differing from and arising since entry of the original decree, even though properly docketed in the divorce file and is a substantially new case.

■ We do not reach the merits of the modification determined upon because when a proper motion and affidavit of prejudice is filed, as here, the trial judge is immediately divested of further jurisdiction other than to call in another district judge to preside at the trial; he had no jurisdiction to hear and decide the merits. *State ex rel. Petro v. District Court of Sheridan County*, Wyo.1964, 389 P.2d 921. Since the sitting judge concerned is no longer active, the assignment may be made by either of the judges of the Fifth Judicial District, realizing that the plaintiff has now exhausted his right to disqualify a presiding judge and though in the original divorce action, defendant exercised her privilege for a change of judge, in this new proceeding she has one more opportunity.

Reversed and remanded for trial accordingly.