[Civ. No. 45330. Second Dist., Div. One. Oct. 31, 1975.]

RUSSELL DOTY et al., Plaintiffs and Respondents, v.
HARRIET ANN DOTY, Defendant and Appellant.

**COUNSEL**

Douglas Hilton for Defendant and Appellant.

Lloyd E. Somogyi for Plaintiffs and Respondents.

**OPINION**

**HANSON, J.—**

### INTRODUCTION

Defendant Harriet Ann Doty, also known as Harriet Ann Tullgren (hereafter Harriet Tullgren), appeals in this proceeding for partition of real property brought by plaintiffs Russell Doty and Carol Ann Doty against defendant Robert Alvin Doty and defendant (appellant) Harriet Tullgren. The appeal is presented solely upon a clerk's transcript.

## THE CASE

Chronologically, the record on appeal reflects the following:

*July 13, 1972:* Complaint for partition of real property was filed by plaintiffs Russell and Carol Ann Doty against defendants Robert Alvin Doty and Harriet Tullgren. Among other things, the complaint alleges (and defendant Tullgren's answer admits) that the parties own an undivided ¼ interest each as tenants in common in lots 5, 6, 13, 14, 15, 36 and 40 in Division D, and lot 28 in Division A, Pomeroys Resubdivision a part of Los Berros Tract, San Luis Obispo County, California. Partition was sought.

*August 17, 1972:* Defendant Tullgren filed her answer to the complaint which in effect admitted the need for partition, made certain counter allegations and sought counsel fees and costs for herself instead of for plaintiffs.

*April 30, 1973:* Judge Harris (Department I) set trial of the action for August 1, 1973, in Department II.

*June 7, 1973:* Judge Harris (Department I) reset the trial for August 24, 1973, in Department II.

*August 24, 1973:* Judge O'Reilly (Department II) took under submission the motion of counsel for defendant Harriet Ann Tullgren to have three referees appointed.

*August 30, 1973:* Judge O'Reilly (Department II) signed and filed an order appointing three referees "for good cause appearing" which order directed the referees to report to the court "whether or not said property can be divided in kind in keeping with the several percentage interests of the parties to the action." Other provisions are immaterial to this appeal.

*October 16, 1973:* Each referee's letter-report was filed. Broadly stated, each was of the opinion that, while it was possible to make a physical division of the property, it could not be economically divided because of water and terrain problems and for other reasons.

*November 12, 1973:* Judge O'Reilly (Department II) ordered further proceedings to be set for December 14, 1973, "in Department II, before Judge Timothy I. O'Reilly."

*December 14, 1973:* Minute order of Department II (Judge O'Reilly) stated: "The Court found no property in question to be divisable and finds that property should be sold as a whole on the basis of the Referee's Report."

*December 19, 1973:* Defendant Tullgren filed a "Motion for Disqualification Under C.C.P. Section 170.6" of Judge O'Reilly, which included a declaration by her counsel.

*December 21, 1973:* Defendant Tullgren filed a "Supplemental Declaration in Support of Motion for Disqualification Under C.C.P. Section 170.6" consisting of a declaration by her counsel, at the bottom of which appears a handwritten notation, "12-27-73 Not accepted by Judge O'Reilly."

*January 4, 1974:* Minute order of Department I (Judge O'Reilly now in that department) showed two witnesses testified and the hearing was continued to January 7, 1974. (There is no showing as to what occurred Jan. 7, 1974.)

*January 11, 1974:* Minute order of Department I (Judge O'Reilly) showed one witness testified and the cause was continued to February 15, 1974. (There is no showing as to what occurred Feb. 15, 1974.)

*March 15, 1974:* Minute order of Department I (Judge O'Reilly) showed three witnesses testified plus "Judge to view premises and make ruling."

*June 28, 1974:* An "Interlocutory Order in Partition" was signed and filed by Judge O'Reilly (of Department I) which states as follows:

"This matter having been tried in open Court from time to time, and three referees having been appointed to view the property in question and report their findings to the Court; the Court having taken extensive evidence both oral and documentary, and the Court having viewed the premises with counsel, the Court now rules as follows:

"The referees' reports are ordered made a part of the record. The Court finds that all evidence, the referees' reports, and the Court's view of the property supports a finding that the property cannot be divided in kind or sold in parcels without working detriment to all of the parties, and the Court so finds.

"The Court appoints E. J. Fabbri referee for the purpose of arranging a public sale and selling the property at issue as one parcel to the highest bidder at said public sale. The proceeds of said sale are ordered deposited with the Clerk of the Court to await final judgment of the Court."

Endorsed upon this "Interlocutory Order in Partition" is a stamp showing that it was entered June 28, 1974, in Judgment Book 72 Page 11 as Judgment No. 64511.

*July 8, 1974:* Defendant Tullgren filed a request for findings of fact and conclusions of law.

*July 12, 1974:* Notice by clerk to plaintiffs' counsel was filed, stating in relevant part: "You are hereby directed, by order of Judge James A. Madden to prepare Findings of Fact and Conclusions of Law in accordance with the Ruling filed in the above entitled action on July 11, 1974." (The record does not show what ruling was made or filed on July 11, 1974.)

*July 29, 1974:* Unsigned findings of fact and conclusions of law and interlocutory judgment were served by counsel for plaintiffs on counsel for defendant Tullgren and filed.

*August 12, 1974:* Defendant Tullgren served and filed objections and proposed corrections and amendments to the proposed findings of fact and conclusions of law.

*August 27, 1974:* Defendant Tullgren served and filed her notice of appeal "from the Interlocutory Order in Partition entered on June 28, 1974, in Judgment Book 72 at Page 11, Judgment Number 64511; the rejection on December 20, 1973, of appellant's Motion for Disqualification Under C.C.P. Section 170.6, filed December 19, 1973, and the rejection on December 27, 1973, of appellant's Motion For Disqualification Under C.C.P. Section 170.6, filed December 21, 1973."

*September 3, 1974:* Hearing on defendant Tullgren's objections to proposed findings of fact and conclusions of law resulted in a minute order that "Court finds it has no jurisdiction in that this matter is on appeal. Hearing dropped." (On the front page of the [proposed] findings of fact and conclusions of law is a handwritten notation, "This matter is in appellate court. No jurisdiction.")

## Issues

On appeal defendant Tullgren contends (1) that her motion for disqualification of Judge O'Reilly should have been granted, and (2) that the interlocutory order in partition erroneously directed sale of eight separate parcels by one sale instead of separately.

The plaintiffs-respondents assert that no appeal lies from the denial of the motion to disqualify the judge or the interlocutory order and that (a) in any event the motion for disqualification was not timely; and (b) no error was committed in ordering sale of the property as a single unit instead of as separate lots.

## Discussion

### I

█ Denial of a motion to disqualify a judge is not directly appealable (*Elliott* v. *Superior Court*, 180 Cal.App.2d 894, 896 [5 Cal.Rptr. 116]), but it is reviewable on appeal from an appealable order or judgment, as in the present case. (*City of Oakland* v. *Darbee*, 102 Cal.App.2d 493 [227 P.2d 909].) █ The motion was properly denied in the present case because it was not timely. No such petition may be filed in any case after any contested matter in relation to the litigation has been submitted to any judge sought to be disqualified. (Code Civ. Proc., § 170.6.) This rule is applicable to preliminary hearings and determinations. (*Thompson* v. *Superior Court*, 206 Cal.App.2d 702, 707 [23 Cal.Rptr. 841].)

### II

█ Ordinarily orders of the trial court decreeing partition are appealable under section 904.1 of the Code of Civil Procedure which provides in pertinent part: "An appeal may be taken from a superior court in the following cases: . . . (i) From an interlocutory judgment in an action for partition determining the rights and interests of the respective parties and directing partition to be made." The interlocutory judgment in this case was filed prior to the time specified for counsel to request or propose appropriate findings.

Code of Civil Procedure section 632 provides in part: "1. In superior courts . . ., upon the trial of a question of fact by the court, written

findings of fact and conclusions of law shall not be required, except as herein provided. [¶] In superior courts, upon such trial, the court shall announce its intended decision. Within the time after such announcement permitted by rules of the Judicial Council, any party appearing at the trial may request findings. . . ."

Rule 232(b) (Cal. Rules of Court) provides that when a party desires that findings of fact and conclusions of law be made, he shall make a request therefor within 10 days. The request by defendant Tullgren's counsel for findings of fact and conclusions of law was made within the prescribed time, and defendant Tullgren made no waiver of findings. (See, e.g., *Larson* v. *Thoresen,* 36 Cal.2d 666 [226 P.2d 571].)

It is true that the interlocutory order of June 28, 1974, appears to contain a finding of fact. However, that finding does not encompass all issues of fact and does not cover the request of defendant Tullgren for special findings. The trial court could not properly deprive a litigant of the right to findings of fact and conclusions of law by purporting to file a judgment or order unsupported by findings.

A number of earlier cases have considered the trial court's entry of a judgment without findings where findings were required, and have concluded that the proper procedure is to reverse the judgment rather than dismiss the appeal. (See, e.g., *Petroleum Midway Co.* v. *Zahn,* 62 Cal.App.2d 645 [145 P.2d 371]; *Estate of Hewitt,* 160 Cal.App.2d 584 [325 P.2d 113].) The court in the *Zahn* case pointed out at page 652: " 'The dismissal of an appeal is in effect an affirmance of the judgment or order appealed from.' (Code Civ. Proc., sec. 955.) The only judgment in this case should be reversed, not affirmed, by the dismissal of the appeal." Bernard Witkin in 6 California Procedure (2d ed. 1971) at page 4112, suggests that the better practice is to reverse a void judgment and, if the jurisdictional defect is incurable, do so with directions to the trial court to dismiss the action.

The defect in the court's preliminary order in partition in the present case can be cured by the entry of appropriate findings of fact and conclusions of law. Accordingly, we entertain defendant-appellant's appeal.

The judgment of the trial court is reversed and the case is remanded with directions to vacate the judgment and to make and enter findings of fact and conclusions of law and judgment. The purported appeal from

orders denying the motions for disqualification (Code Civ. Proc., § 170.6) is dismissed. Defendant-appellant to receive costs on appeal.

Lillie, Acting P. J., and Thompson, J., concurred.