Dixie SCHMID, Petitioner,

v.

George MILLER, a/k/a King George, Pete Evans, Kenai Native Association, Inc., and John Does 1 through 10, Respondents.

No. 5176.

Supreme Court of Alaska.

Nov. 14, 1980.

Spencer C. Sneed, Cole, Hartig, Rhodes, Norman & Mahoney, Anchorage, for petitioner.

James F. Vollintine, Anchorage, for respondents.

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ., and DIMOND, Senior Justice.

## OPINION

RABINOWITZ, Chief Justice.

This is another case in which we consider whether a litigant has waived her right to a peremptory challenge of the judge assigned to her case. Here, we find no waiver and thereby set aside the order of the superior court holding that Schmid waived her right to challenge Judge Hanson.

In Alaska, under AS 22.20.022, a litigant has a right to one peremptory challenge of a judge assigned to the case. The procedure for peremptory challenges in civil litigation is set forth in Civil Rule 42(c). This rule in part provides that the "[f]ailure to file a timely notice precludes change of judge as a matter of right." Alaska R.Civ.P. 42(c)(3). Thus, before reaching the question of waiver, we must first determine whether the challenge was timely filed.

Rule 42(c)(3) provides in part:

Notice of change of judge is timely if filed before commencement of trial and within five days after notice that the case has been assigned to a specific judge: In a court location having a single resident judge of the level of court in which the case is filed, the case shall be assigned to that judge when it is at issue upon a

question of fact and the clerk shall immediately notify the parties in writing of such assignment. Where a party enters an action after the case has been assigned to a specific judge, a notice of change of judge shall also be timely if filed by the party before the commencement of trial and within five days after he appears or files a pleading in the action.

The instant litigation was originally filed in the superior court in Kenai, which has a single resident superior court judge. The first written notice in the record of Judge Hanson's assignment to the case is dated February 11. This written notice of assignment came after a notice of change of judge pertaining to Judge Hanson had been filed by Schmid on January 15. The only actiuon in the case prior to the filing of the notice of change of judge was a hearing on Schmid's request for a temporary restraining order prohibiting defendants–respondents from having any contact with her. At this hearing, Judge Hanson stated that he did not desire to decide any facts, but simply wanted the parties to agree that there would be no contact between them. The parties did agree to a stipulation that neither would contact the other and thereafter Schmid withdrew both her motion for a restraining order and her supporting documents.

■ The superior court's action in requesting a stipulation, and not considering the motion for a temporary restraining order on the facts, demonstrates that the instant case was not at issue on the facts as a result of the hearing upon the temporary restraining order.[1] Since this notice of change of judge was filed before Judge Hanson's official assignment to the case and prior to the required written notice of assignment from the clerk of court, we hold that Schmid's notice of change of judge was timely filed.[2]

■ We therefore must consider the question of waiver. The notice of change of judge was denied by acting presiding superior court Judge Victor Carlson, on the grounds of waiver under Alaska Rule of Civil Procedure 42(c)(4)(i). Civil Rule 42(c)(4)(i) provides:

A party waives his right to change a particular judge as a matter of right when he knowingly participates before that judge in:

(i) Any judicial proceeding which concerns the merits of the action and involves the consideration of evidence or of affidavits; . . .

In this case, as noted previously, the superior court did not consider evidence or affidavits at the hearing on Schmid's request for a temporary restraining order. This was the only judicial proceeding held prior to the filing of the notice of change of judge. Thus, we find no basis for waiver and conclude that Schmid did not waive her right to exercise a peremptory challenge.

Reversed and Remanded.

BOOCHEVER, J., not participating.

---

1. We also note that the case was not at issue as a result of the filing of an answer until February 5, 1980.

2. Schmid's early filing was understandable given the fact that Kenai has a single resident superior court judge and that judge most likely would be assigned to the case.