**Larry Dean OSBORNE, Petitioner,**

v.

**DISTRICT COURT OF the NINTH JUDICIAL DISTRICT, State of Wyoming, Respondent.**
**and**
**Janice Carol Osborne, Real Party in Interest.**

**No. 5719.**

Supreme Court of Wyoming.

Nov. 24, 1982.

Timothy J. Judson, Seipt & Judson, Riverton, for petitioner.

Richard D. Gist, P.C., Lander, for respondent.

Before ROSE, C.J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

ROSE, Chief Justice.

The petitioner, Larry Dean Osborne, seeks the issuance of a writ of prohibition to prevent District Judge W.J. Nicholas from further acting or presiding in a divorce action filed by Janice Carol Osborne in the District Court of the Ninth Judicial District. The filing of the action in this court came about as a result of the district judge's refusal to remove himself and to appoint another district judge to hear the matter as provided by Rule 40.1(b)(1) W.R. C.P.[1]

---

1. Rule 40.1(b)(1), W.R.C.P., as then in effect provided:

"(b) Change of judge.

(1) Peremptory Disqualification.—A party may peremptorily disqualify a district judge by filing a motion requesting a change of judge. The motion must be filed at least fifteen (15) days before the date set for the hearing on any motion or application filed pursuant to Rule 12, 42, 56, 65, 71.1, or 72.1, or if there be no such motion hearing set, then at least fifteen (15) days before the date set for pretrial, and if there be no pretrial set, then at least fifteen (15) days before the date set for trial, or if the date is set within fifteen (15) days after the order of setting, within five (5) days after receipt of such order; provided, however, that no more than one (1) such motion shall be filed by the parties plaintiff or parties defendant. After the filing of such motion, the presiding judge shall

Under the facts set out herein, we find the trial judge's denial of petitioner's Rule 40.1(b)(1) rights to be erroneous and will grant the petition for a writ of prohibition.

## FACTS

On January 12, 1981 Janice Osborne filed a complaint for divorce in the District Court of the Ninth Judicial District and, in response, the petitioner filed an answer and counterclaim. Both the complaint and petitioner's counterclaim asked the court to grant a just and equitable division of the property and debts. On April 3, 1981, the parties entered into a written agreement which provided for a division of the property and debts and for the custody and support of the minor children.[2] Consistent with the terms of this agreement, Mr. Osborne, the petitioner here, stipulated to a withdrawal of his answer and counterclaim and consented that the court hear the matter as on default.

At a hearing on the plaintiff's complaint on May 14, 1981, the district judge refused to accept the property agreement and permitted the complainant Janice Osborne to testify even though the petitioner Larry Osborne, in compliance with his agreement under the stipulation, was not present. Based on the evidence at the ex parte hearing, the district judge caused a decree of divorce to be entered on January 25, 1982. This decree granted the parties a divorce and maintained the custody and support as outlined in the prior agreement, but substantially changed the division of property and debts from the agreement which had previously been entered into by the Osbornes. The court provided in the decree that Mr. Osborne could file a motion requesting a new hearing on the property distribution if he was not satisfied with the disposition made by the judge.

forthwith call in another district judge to try the action."

The language of Rule 40.1(b)(1) was amended January 25, 1982 (effective date May 1, 1982) but is not applicable to the present dispute. The substance of the rule was not changed and we deem the result reached in this case to be applicable to the amended version of Rule 40.-1(b)(1) W.R.C.P.

On February 2, 1982 the petitioner did file a motion requesting a trial on the property settlement question. This motion was granted by the court on March 18, 1982 and a trial date was set for May 12, 1982. On March 26, 1982 the petitioner filed a motion for change of judge under the auspices of Rule 40.1(b)(1), W.R.C.P., and he orally repeated this motion on May 12, 1982. The district court denied the motion in an order filed June 3, 1982. The judge represented that he was denying the motion because, in his view, the issues scheduled to be heard on May 12, 1982 were the same as those before the court on May 14, 1981 and the petitioner's motion for change of judge therefore should have been made prior to May 14, 1981. This denial formulates the basis of the present petition for a writ of prohibition.

## THE RULE 40.1(b)(1) MOTION

Rule 40.1(b)(1), W.R.C.P. gives a litigant the right to peremptorily challenge a district judge and identifies three deadlines by which a motion for change of judge must be made. The motion must be made (1) at least 15 days before the date set for any hearing on a motion made pursuant to various rules; (2) 15 days before the date set for a pretrial if no motion hearing as outlined above is applicable; or (3) 15 days before the date set for trial if the conditions outlined in numbers (1) or (2) are not applicable.[3] See: Rule 40.1(b)(1), supra n. 1. The rule also directs that when a motion for change of judge is filed the presiding judge shall forthwith call in another judge to try the action. In these proceedings we are concerned with the latter time period because, prior to the filing of the motion for a change of judge, there had been no hearing

2. It was agreed by the parties that the custody of the children would remain with Janice Osborne and that Larry Osborne would contribute to their support in the amount of $150.00 monthly per child.

3. The rule provides that if the trial date is less than 15 days after the date of the order setting the same, the litigant has five days after receipt of such order to file his motion.

on any of the delineated motions and there had been no pretrial hearing. Thus, the only question for our review is whether the petitioner properly filed his motion 15 days prior to the date set for trial.

Mr. Osborne urges that the district judge, through the March 18, 1982 order, set the trial date for May 12, 1982, and his motion for change of judge was timely because the 26th of March is more than 15 days before May 12, 1982. He goes on to conclude that since the motion was timely, the judge, according to Rule 40.1(b)(1), was obligated by law to call on another district judge to hear the matter. The real party in interest, Janice Osborne, and the district judge respond to petitioner's contention by arguing that the motion for a change was untimely since the issues to be tried on May 12, 1982 were the same as those which were before the court on May 14, 1981. So, say the respondents, a "trial" on the property settlement had already occurred and the May 12, 1982 setting was merely an ancillary proceeding or continuation of the May 14, 1981 hearing. They conclude that the motion for change of judge, to be timely, should have been filed within at least 15 days of the May 14, 1981 date.

■ Although this court has not heretofore considered this question, we have developed a body of case law having to do with the filing of motions for change of judge. First of all, it is well established that once a proper motion for change of judge has been filed, the district judge concerning whom the motion is made is divested of all jurisdiction except for residual authority to assign the case to another district judge. *Meyer v. Meyer*, Wyo., 538 P.2d 293 (1975); *Barbour v. Barbour*, Wyo., 518 P.2d 12 (1974); *State v. District Court of Sheridan County*, Wyo., 389 P.2d 921 (1964). Rule 40.1(b)(1), W.R.C.P., supra n. 1, codifies this case rule by providing:

"After the filing of such motion, the presiding judge shall forthwith call in another district judge to try the action."

Also, we have held that the time limitations now embodied in Rule 40.1(b)(1) are requirements of substance rather than form and they will be strictly enforced. *Barbour v. Barbour*, supra, 518 P.2d at 13. However, with respect to the 15-day requirement, we have said:

"Even if the computation were otherwise, a trial judge may not by short notice deprive a party in a proper case from disqualifying him to preside. In this case, if the plaintiff's motion for change of judge is not timely, so must also the court's notice of trial be insufficient, both of which were filed on the same day. *It would have been impossible for the plaintiff to move with more haste.* This does not mean a court may not set a trial on less than 15 days' notice; it only means that if a court should do so, a party will not thereby have taken away from him the right to disqualify the trial judge." (Emphasis added.) *Meyer v. Meyer*, supra, 538 P.2d at 294.[4]

Finally, we have said that a party cannot utilize a motion to change a judge as a means of picking and choosing between judges after he or she is given an impression of the court's view on the matter in dispute.

"Although it is our view that no litigant can reasonably or equitably pick and choose his judge after the start of any hearing on a contested matter or pretrial proceeding, * * *." *State ex rel. Johnston v. District Court of Platte County*, Wyo., 495 P.2d 255, 256 (1972).

Taking the above authorities into account, we are of the opinion that a resolution of this appeal depends upon whether or not the May 14, 1981 proceeding was a "trial." Ancillary to this query is the question which asks whether or not petitioner Osborne was ever given an opportunity to file a motion for change of judge. We hold that the May 14, 1981 proceeding was not a

---

4. It should be noted that the issue with which we were concerned in *Meyer v. Meyer* is now covered by the language of Rule 40.1(b)(1) which permits a party to seek a change of judge within five days of receiving an order that sets a trial date within less than 15 days from the issuance of the order. See: Rule 40.1(b)(1), supra n. 1.

"trial" as that term is contemplated by Rule 40.1(b)(1), and, therefore, petitioner's March 26, 1982 motion for change of judge was timely filed and should have been granted.

■ We have said that

" * * * the term 'trial' contemplates the final disposition of the controversy, either on the facts or on a question of law." *Griggs v. Meek,* 37 Wyo. 282, 261 P. 126, 129 (1927). Likewise, the burden of what was said in *State ex rel. Johnston v. District Court of Platte County,* supra, is that the term "trial," as utilized in former Rule 40.-1(b), contemplates a resolution of the controversy on the merits. Thus, we were constrained to hold in that case that a hearing on a motion for preliminary injunction was not a "trial" to which the right to seek a change of judge would attach.[5] Other courts have also concluded that the term "trial" refers to some form of controversy or dispute that has been placed in issue and resolved according to law following a hearing on the merits. *Gulf Oil Corporation v. McManus,* 173 Ind.App. 147, 363 N.E.2d 223, 225 (1977); *In re Marriage of Beilock,* 81 Cal.App.3d 713, 146 Cal.Rptr. 675, 679 (1978). It has been said that a "trial" is a contest held just once between well-prepared adversaries of roughly equal strength. *People v. Tribbett,* 90 Ill.App.2d 296, 232 N.E.2d 523, 526 (1967). Simply stated, we hold that the term "trial," as utilized in Rule 40.1(b)(1), is intended to encompass those proceedings before a proper tribunal whereby two or more adversaries present factual or legal issues that are resolved after a full hearing on the merits.

■ With the above in mind, we cannot conclude, as the real party in interest and the district judge urge, that the May 14, 1981 proceeding was a trial. We say this because the facts clearly reflect that prior to that proceeding the parties had agreed to a settlement and the petitioner did not appear due to the fact that he was complying with his agreement with opposing counsel. In truth, it was understood by the parties

that no disputed issues were to be presented for the district judge's review. Not until the district judge himself decided to reject the property settlement did a dispute arise, and, therefore, this action, which was never within the contemplation of the parties, should not be allowed to change an essentially nonadversarial proceeding into a "trial." Particularly is this true when it is recorded that one of the parties had agreed that he would not appear, all in accord with the stipulation between the contending litigants.

A similar conclusion was reached in *Doty v. Doty,* 52 Cal.App.3d 672, 125 Cal.Rptr. 153 (1975), where the court held that a motion for change of judge was timely even though the judge had previously issued several orders. The holding was bottomed in the proposition that the prior orders arose out of ex parte application or as a result of stipulation between the parties. Thus, the court determined that no hearing on a contested matter had been held prior to the filing of the motion for change of judge. The case of *Schmid v. Miller,* Alaska, 619 P.2d 1 (1980) is also instructive. In that case, a party filed a motion for change of judge after the judge had issued a temporary restraining order. In holding that the motion was timely, the court relied upon the fact that the parties had stipulated to the restraining order, and, in these circumstances, the hearing on the restraining order did not constitute a contested matter.

The facts in the instant case support a conclusion that the May 14, 1981 hearing was not intended to be a contested hearing on the issues and therefore the district judge, upon rejecting the property settlement, should have ended the proceeding and set a new date for the parties to present their respective positions. In other words, the court could not make the May 14, 1981 proceeding into a trial as contemplated by Rule 40.1(b)(1) simply by taking the testimony of the real party in interest and rendering a judgment thereon.

5. Clearly, under the present version of Rule 40.1(b)(1), a preliminary injunction is one of the motions delineated before which a party

must file his motion for change of judge within at least 15 days of the date set for hearing on the motion.

It is fair to say that our underlying concern is the spawning of a rule which would permit the trial judge to preclude a party from ever asserting his or her right to exercise a proper peremptory challenge. In this case, petitioner had no reason or real opportunity to consider asserting his rights, as provided by Rule 40.1(b)(1), prior to the May 14, 1981 hearing. At that point, he was relying upon the agreement he had entered into with Janice Osborne and had no reason to suspect that the district court would reject its terms. On the other hand, and immediately upon the filing of the decree of divorce, petitioner went through the steps necessary to assert and preserve his right to file a Rule 40.1(b)(1) motion. He was not attempting to pick and choose his way to a favorable result but was, on the other hand, simply exercising his right to peremptorily challenge the judge assigned to preside at the upcoming trial on the property settlement. As was stated in *Newsom v. Superior Court*, 102 Ariz. 95, 425 P.2d 422, 423 (1967):

> "Whether an affidavit of bias and prejudice is timely filed depends upon the law of waiver and before one can be said to have waived the right, *he must first have had an opportunity to exercise it.*" (Emphasis added.)

We feel that petitioner's first opportunity to file a Rule 40.1(b)(1) motion occurred within the time prior to the trial which was set to be heard on May 12, 1982. Since his motion was filed within at least 15 days before that date, it was timely and should have been granted.

We hold that the trial judge erroneously denied petitioner's motion for change of judge and we will grant the writ of prohibition pursuant to the powers vested in this court by Art. 5, § 3 of the Wyoming

Constitution.[6] We will only exercise our power to issue a writ of prohibition in those circumstances where the trial court seeks to act without subject matter jurisdiction, or where the trial court attempts to exceed the scope of its jurisdiction although having jurisdiction over the subject matter, *State ex rel. Weber v. Municipal Court*, Wyo., 567 P.2d 698 (1977); *State ex rel. Sheehan v. District Court of Fourth Judicial District* Wyo., 426 P.2d 431 (1967), and only in circumstances where the petitioner has no other plain, speedy and adequate remedy. *State ex rel. Frederick v. District Court*, Wyo., 399 P.2d 583, 12 A.L.R.3d 1 (1965).

Under the circumstances of this case, the Alternate Writ of Prohibition issued on July 26, 1982 should be made permanent.

Writ of prohibition granted.

ROONEY, Justice, dissenting, with whom RAPER, Justice, joins.

To me, the majority opinion results in a definite "pick and choose" of a trial judge—and this after the judge has indicated some position relative to the divorce case. Such is improper. See quotation in the majority opinion from *State ex rel. Johnston v. District Court of Platte County*, Wyo., 495 P.2d 255, 256 (1972).

The result reached by the majority opinion in this case confirms my belief that the federal requirements for disqualifying of a judge is better than ours.[1] We should change our rule to accomplish the federal standards.

But even under our present rule, the time had passed in this divorce case in which the judge could be peremptorily disqualified. The majority opinion does not recognize the fact that a trial had taken place. It had. Section 20-2-104, W.S.1977, provides that:

**6.** Article 5, § 3 of the Wyoming Constitution provides:

"The supreme court shall have original jurisdiction in quo warranto and mandamus as to all state officers, and in habeas corpus. The supreme court shall also have power to issue writs of mandamus, review, prohibition, habeas corpus, certiorari, and other writs necessary and proper to the complete exercise of its appellate and revisory jurisdiction. Each

of the judges shall have power to issue writs of habeas corpus to any part of the state upon petition by or on behalf of a person held in actual custody, and may make such writs returnable before himself or before the supreme court, or before any district court of the state or any judge thereof."

**1.** See 28 U.S.C.A. § 455 which requires cause as a basis for disqualification.

"A divorce *may be decreed* by the district court of the county in which either party resides on the complaint of the aggrieved party *on the grounds of irreconcilable differences in the marital relationship.*" (Emphasis added.)

The decree must be based upon the determination that the required grounds exist. Section 20–2–114, W.S.1977, provides in pertinent part:

"In granting a divorce, *the court shall make such disposition of the property of the parties as appears just and equitable,* having regard for the respective merits of the parties and the condition in which they will be left by the divorce, the party through whom the property was acquired, and the burdens imposed upon the property for the benefit of either party and children. * * *" (Emphasis added.)

It is the court that must make the disposition of the property, and it is the court that must decide that which is "just and equitable" with reference thereto. The parties cannot bind the court by a property settlement agreement. They must know that any property settlement agreement must appear just and equitable to the court—and this only after the court examines the evidence relative to the factors set forth in the foregoing quotation.

"Actions * * * for a divorce, shall be conducted in the same manner as civil actions * * *." Section 20–2–108, W.S. 1977.

The divorce decree with which we are here concerned reflects that when the matter came before the court, it "heard the evidence adduced on behalf of the Plaintiff." [2] After the decree was entered, defendant filed a "Combined *Motions for New Trial,* Amendment of Judgment, Relief from Judgment and Order, and Modification of Decree," (emphasis added). In it defendant refers to the evidence "received at the trial" and prays for, among other things, a "new trial." Certainly, defendant recognized the fact that a trial was held.

It was after the court granted defendant's motion for a new trial that defendant sought to peremptorily disqualify the judge. The language of Rule 40.1(b)(1), W.R.C.P., is plain in limiting the time for a peremptory disqualification to a time "at least fifteen (15) days before the date set for trial." An effort to so disqualify a judge after a trial, even if a motion for a new trial has been granted, is out of time.

I would deny the Petition for Writ of Prohibition.

---

2. Defendant did not appear in person or by counsel.