741 P.2d 1233

**William E. MORGA, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, Honorable Howard V. Peterson, a judge thereof, Respondent Judge.**

**Edgardo ARROYA and Josefina Arroya, Real Parties in Interest.**

**No. 1 CA–SA 162.**

Court of Appeals of Arizona, Division 1, Department B.

June 30, 1987.

Morga & Smith by Roger D. Smith, William E. Morga, Scottsdale, for petitioner.

Goldman and Kaplan, Ltd. by Virginia S. Ornelas, Phoenix, for respondents Arroya.

OPINION

KLEINSCHMIDT, Judge.

The petitioner filed a special action seeking to require the trial court to honor a Notice of Change of Judge filed pursuant to Rule 42(f), Arizona Rules of Civil Procedure. We accept jurisdiction and grant relief, and we direct the trial court to honor the Notice of Change of Judge.

The complex procedural history of the case is not important. The relevant facts are these: the petitioner filed a Notice of Change of Judge more than ten days after the case was reassigned from one judge to another. The notice was, however, filed more than sixty days before the case was set for trial.

The respondents insist the petitioner did not timely file a notice of change of judge because he did not file it within ten days after the new judge was assigned to the case. We reject the respondents' argument. Rule 42(f), Arizona Rules of Civil Procedure, provides that each side is entitled, as a matter of right, to a change of one judge. Subsection (C) of that rule provides that a failure to file a timely notice of change of judge precludes the change of judge as a matter of right. It also provides as follows:

A notice is timely if filed sixty (60) or more days before the date set for trial.

Whenever an assignment is made which identifies the trial judge for the first time or which changes the trial judge, a notice shall be timely filed as to the newly assigned judge if filed within ten (10) days after such new assignment and before trial commences.

We think it clear that the provision of the rule that permits filing the Notice of Change of Judge within ten days of the time that a case is first assigned to a judge applies only if the case is within sixty days of the date set for trial. We say this for two reasons. First, the State Bar Committee note which discusses the problem states:

*Under this section, a notice is timely if it meets either of two conditions. It may be filed [sixty] days before the date set for trial.* Because some calendar systems do not regularly identify the trial judge sufficiently far in advance of trial, and because there are frequently late changes in judicial responsibility, fairness to litigants requires that notices be timely as to newly assigned or identified judges after such new assignments. See *Marsin v. Udall*, 78 Ariz. 309, 279 P.2d 721 (1955), and *Newsom v. Superior Court*, 102 Ariz. 95, 425 P.2d 422 (1967). When such an assignment occurs within [sixty] days before trial, the rule grants ten more days for this purpose. This section is designed to simplify the rules on timeliness without affecting the number of changes of judge permitted in any case. (Emphasis added).

Second, if the respondents were correct, that portion of the rule which allows a notice of change of judge to be filed within sixty days prior to the date of trial would be superfluous.

This matter is remanded to the trial court with directions to honor the Notice of Change of Judge.

JACOBSON and EUBANK, JJ., concur.