FILED BY CLERK

AUG 16 2006

COURT OF APPEALS
DIVISION TWO

IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

DENISE S.,                                    )
                                              )
                        Petitioner,           )
                                              )
        v.                                    )
                                              )
HON. KIMBERLY A. CORSARO, Judge               )      2 CA-SA 2006-0048
Pro Tempore of the Superior Court of the      )      2 CA-SA 2006-0055
State of Arizona, in and for the County of    )      (Consolidated)
Santa Cruz,                                   )      DEPARTMENT A
                                              )
                        Respondent,           )      O P I N I O N
                                              )
        and                                   )
                                              )
STATE OF ARIZONA,                             )
                                              )
                Real Party in Interest.       )
                                              )
_____      )
                                              )
CARLOS C.,                                    )
                                              )
                        Petitioner,           )
                                              )
        v.                                    )
                                              )
HON. KIMBERLY A. CORSARO, Judge               )
Pro Tempore of the Superior Court of the      )
State of Arizona, in and for the County of    )
Santa Cruz,                                   )
                                              )
                        Respondent,           )
        and                                   )
                                              )
STATE OF ARIZONA,                             )
                                              )
                Real Party in Interest.       )
                                              )
_____      )

SPECIAL ACTION PROCEEDING

Santa Cruz County Cause Nos. JV06-067A and JV06-091A

JURISDICTION ACCEPTED; RELIEF GRANTED

---

Vettiyil & Associates, P.C.
  By Saji Vettiyil
Nogales<br>Attorneys for Petitioners

George Silva, Santa Cruz County Attorney
  By Chuck Lagrand
Nogales<br>Attorneys for Real Party in Interest

---

V Á S Q U E Z, Judge.

¶1       In these consolidated cases, two juveniles against whom the state has filed delinquency petitions seek special action relief from the respondent judge's denial as untimely of their notices of change of judge. A special action is the only means for seeking review of a denial of a peremptory request for change of judge. *Taliaferro v. Taliaferro*, 186 Ariz. 221, 223, 921 P.2d 21, 23 (1996); *Brush Wellman, Inc. v. Lee*, 196 Ariz. 344, ¶ 5, 996 P.2d 1248, 1250 (App. 2000); *Williams v. Superior Court*, 190 Ariz. 80, 82, 945 P.2d 391, 393 (App. 1997). Therefore, neither juvenile has an adequate remedy by appeal, *see* Rule 1(a), Ariz. R. P. Spec. Actions, 17B A.R.S., and our accepting jurisdiction is appropriate. And, because we conclude the respondent judge abused her discretion in finding the juveniles' requests were untimely, we grant relief. *See* Ariz. R. P. Spec. Actions

3(c); *Twin City Fire Ins. Co. v. Burke*, 204 Ariz. 251, ¶ 10, 63 P.3d 282, 284-85 (2003); *State v. Chapple*, 135 Ariz. 281, 297 n.18, 660 P.2d 1208, 1224 n.18 (1983).

**¶2**  The essential facts are not disputed. Denise S. and her mother were personally served with a delinquency petition on April 18, 2006. The citation to appear with which they were also served ordered them to appear before the Santa Cruz County Juvenile Court on May 15. The attorney Denise's mother retained on May 10 filed a notice of change of judge that same day. The respondent judge denied the notice as untimely on May 11.

**¶3**  The state filed a delinquency petition against Carlos C. on May 18, 2006, and he and his parents were personally served with the petition on June 7. On May 18, the respondent judge signed an order appointing counsel for Carlos, ordering Carlos to contact the attorney, and ordering his parents to file a completed and signed financial statement on or before the advisory hearing set for June 19. On June 8, the day after Carlos and his parents had been served, the respondent judge issued an order appointing different counsel for Carlos, noting that the original attorney had informed the court he was not currently accepting appointments as counsel. Carlos instead retained an attorney on June 13 who filed a notice of change of judge that same day. The respondent judge denied the notice as untimely on June 16.

**¶4**  As the juveniles correctly note, a change of judge upon request in a juvenile case is governed by Rule 2(B), Ariz. R. P. Juv. Ct., 17B A.R.S. The pertinent portions of the rule provide as follows:

**1. Grounds.** Any party shall be entitled to request a change of judge as a matter of right.

**2. Procedure**. A party may exercise his or her right to a change of judge by making a request in open court on the record or by filing a pleading entitled "Notice of Change of Judge" signed by counsel, if any, stating the name of the judge to be changed. A notice of change of judge shall be filed within five (5) days after notice to the requesting party of the assignment of the case to a judge. . . .

Under the rule, the time for filing a change of judge begins with notice to a party that the case has been assigned to a particular judge, and the right is waived if the party fails to file the change within five days of that notice. *Id.*

¶5 Although neither order denying the notice of change of judge as untimely states the reason it was untimely, according to the juveniles, the respondent judge based her ruling on an administrative order issued November 13, 2001, by the presiding judge of the Santa Cruz County Superior Court that assigned to the respondent judge all juvenile cases filed in the superior court on or after November 8, 2001. Apparently, the respondent judge reads the administrative order as giving the notice required by Rule 2(B)(2) to any juvenile in Santa Cruz County who is served with a delinquency petition and citation to appear in court that she is the judge assigned to the case.

¶6 The juveniles argue their situations are similar to the juveniles in *JV-132324 v. Superior Court*, 181 Ariz. 337, 890 P.2d 632 (App. 1995). In that case, the juvenile court had issued an administrative order making a blanket appointment of the public defender as attorney for all juveniles who were alleged to be delinquent. *Id.* at 340, 890

4

P.2d at 635. Because the juvenile court considered counsel as having been appointed the day the state filed a delinquency petition, the court deemed untimely the notices of change of commissioner the juveniles filed at their advisory hearings. *Id.* Division One of this court held the administrative order was void, the juveniles had thus not been represented by counsel until the advisory hearings began, and the notices had been timely. *Id.*

¶7 The court based its holdings on A.R.S. § 8-225(C) and Rule 6(c), Ariz. R. P. Juv. Ct., 17B A.R.S., concluding that, unless juveniles have waived the right to counsel, they cannot represent themselves and personally file a notice of change of judge or commissioner. 181 Ariz. at 343, 890 P.2d at 638. The state asserts the case is not applicable to these juveniles because "[b]oth of these laws have been repealed, and there is no new corresponding law." (Emphasis deleted.) We disagree. Former § 8-225 has not been repealed; it was simply renumbered—without any change in the language—as A.R.S. § 8-221. 1999 Ariz. Sess. Laws, ch. 36, § 6. And the language of former Rule 6(c) is now found in Rule 10(D), Ariz. R. P. Juv. Ct., 17B A.R.S. *Compare* version of Ariz. R. P. Juv. Ct. 6(c) as amended effective July 21, 1997, 189 Ariz. CXXXIII, CXXVII (1997), *with* current Ariz. R. P. Juv. Ct. 10(D), effective Jan. 1, 2001, 198 Ariz. CXLV-CXLVI, CXLII (2000). Therefore, the right to counsel in juvenile delinquency cases remains unchanged.

¶8 The state also contends the holdings in *JV-132324* are not applicable because, unlike the previous Rule 6(c), current Rule 2(B) suggests a juvenile may file a notice of change of judge when he or she is not represented by counsel. The state bases that

5

contention on the language providing that a party may request a change of judge either on the record in open court or by filing a notice "signed by counsel, if any." Ariz. R. P. Juv. Ct. 2(B)(2). We agree the language permits a juvenile to waive the right to counsel and file a notice of change of judge personally. What the state's argument ignores, however, is the requirements for a juvenile to waive the right to counsel.

¶9 Under Rule 10(D), a juvenile may only waive the right to counsel if a court "finds that the waiver is knowingly, intelligently and voluntarily given in view of the juvenile's age, education and apparent maturity." The rule also states any waiver "should . . . be obtained in the presence of" the juvenile's parent, guardian, or custodian and "shall be set out in writing or in the minute entry of the court." *Id.* And Rule 28(C)(1), Ariz. R. P. Juv. Ct., 17B A.R.S., requires a juvenile court to inform a juvenile of the right to counsel at the advisory hearing. Unless the requirements have been met and the juvenile has properly waived the right to counsel, the time period in Rule 2(B)(2) does not begin to run. Neither juvenile in the case before us had appeared before the respondent judge before the notice of change of judge was filed; accordingly, neither juvenile could have filed the notice personally because neither had waived the right to counsel in accordance with Rule 10(D).

¶10 As the state correctly points out, the question we must next address is what action constitutes notice to a juvenile that a judge has been assigned to the case, that is, notice sufficient to trigger the five-day filing period. The state asserts the administrative

6

order of November 2001 permanently assigning all juvenile cases to the respondent judge was the triggering action in both cases before us. We do not agree.

¶11 Under Rule 26, Ariz. R. P. Juv. Ct., 17B A.R.S., a juvenile against whom a delinquency petition has been filed and his or her parent, guardian, or custodian must be notified in writing to appear in court. The notice is required to:

> 1. Contain the name and address of the person to whom the notice is directed;
>
> 2. Contain the location, date and time of the hearing on the petition;
>
> 3. Contain the name of the juvenile involved in the offense alleged in the petition; and
>
> 4. Advise the person to whom the notice is directed that failure to appear will result in sanctions being entered against the person, which may include being held in contempt.

*Id.* The notices served on these juveniles complied with the rule's requirements, but the rule does not demand, and the notices served did not include, the name of the judge to whom the cases were assigned. And nothing in either the delinquency petitions or the citations to appear refers to the administrative order of November 2001 or otherwise identifies the judge to whom the cases were assigned.

¶12 We reject the state's argument that the administrative order complied with the requirements of Rule 5, Ariz. R. P. Juv. Ct., 17B A.R.S., which authorizes the juvenile court of each county to "make and amend rules governing its practice." The order cannot properly constitute a local rule because it does not appear in the Local Rules of Practice for the Santa

Cruz County Superior Court, 17B A.R.S., Rule 23 of which provides that the rules are effective on and after August 1, 2003, "on which date all other rules adopted by this Court are hereby repealed."

¶13 We conclude instead that the administrative order is an internal court order permitted by Rules 91(c) and 92(a), Ariz. R. Sup. Ct., 17A A.R.S., which address court organization, the assignment of cases, and the powers and duties of a superior court presiding judge. And that conclusion is consistent with the distribution list on the administrative order showing copies were sent to the judges and judges pro tempore of the Santa Cruz County Superior Court, to the clerk of the court, and to court administrators.

¶14 The juveniles argue they could not have waived the time for filing a notice of change of judge because they did not know and could not reasonably have been expected to know the November 2001 administrative order existed. The state responds that people regularly waive rights they do not know exist, but the examples the state describes do not involve the right at issue. Moreover, the applicable cases hold otherwise.

¶15 Division One observed in *JV-132324* that "it is established law that the right to a peremptory change of judge or commissioner cannot be waived under Civil [Procedure] Rule 42(f)(1)(C) unless the party has had the opportunity to exercise that right." 181 Ariz. at 343, 890 P.2d at 638. Civil Procedure Rule 42 was the applicable rule in that case because Juvenile Rule 2 had not yet been adopted. The cases Division One cited for that proposition were *Marsin v. Udall*, 78 Ariz. 309, 279 P.2d 721 (1955), and *Newsom v.*

8

*Superior Court*, 102 Ariz. 95, 425 P.2d 422 (1967). Although both cases addressed whether a party had waived the right to a change of judge by appearing at a contested hearing before the challenged judge, their language is informative. In *Marsin*, our supreme court held:

> The right to a fair and impartial trial before a fair and impartial judge is a valuable substantive right originating in the common law and recognized by statute in both criminal and civil cases. Neither this court nor the superior court can by rule of procedure deprive a party of the opportunity to exercise this right. . . . A court is limited to passing rules which prescribe procedure for exercising the right. Any rule of court that operates to lessen or eliminate the right is of no legal force. . . . Whether an affidavit of bias and prejudice is timely filed is dependent upon the law of waiver and before one can be said to have waived the right, he must first have had an opportunity to exercise it.

78 Ariz. at 312, 279 P.2d at 723. And the court repeated the last two sentences of *Marsin* when it decided *Newsom*, 102 Ariz. at 96, 425 P.2d at 423.

¶16 Our supreme court, therefore, has held the right to a change of judge is a well-established right that requires an opportunity to exercise it. *See also State v. Neil*, 102 Ariz. 110, 112, 425 P.2d 842, 844 (1967) (right to peremptory change of judge derives from right to fair trial); *JV-132324*, 181 Ariz. at 342, 890 P.2d at 637 (right to peremptory change of judge is important procedural right). And the case the state cites on the sufficiency of notice is consistent with the applicable case law. In the prestatehood case of *Porter v. Bichard*, 1 Ariz. 87, 94, 25 P. 530, 531 (1873), the Supreme Court of the Territory of Arizona held

9

that notice "is always sufficient where it informs the party entitled to its receipt of the thing to be done and leads him to the place of doing it at the proper time."

¶17     Because the November 2001 administrative order was not served on the juveniles with the delinquency petition and citation to appear and because the citation to appear does not name the judge to whom the case is assigned, we conclude the juveniles were not given sufficient notice that their cases had been assigned to the respondent judge simply by being served a copy of the delinquency petition and citation to appear. Those documents did not inform the juveniles of the judge assigned to their cases or give them an opportunity to exercise their right to a change of judge pursuant to Rule 2(B), and no determination of their right to counsel had been made under Rules 10 and 28. *See JV-132324*, 181 Ariz. at 346, 890 P.2d at 641 (automatic appointment of counsel conflicts with procedural protections afforded by juvenile rule governing right to counsel); *see also Medders v. Conlogue*, 208 Ariz. 75, ¶ 8, 90 P.3d 1241, 1244 (App. 2004) (party cannot waive right to change of judge absent timely notice right exists); *Williams*, 190 Ariz. at 83, 945 P.2d at 394 (same).

¶18     Our conclusion is not different for Carlos because of the different facts in his case. The respondent judge's attempt to appoint counsel for him was ineffective under the applicable statute and rule. Section 8-221(B), A.R.S., provides that a juvenile court shall appoint an attorney to represent a juvenile if the juvenile or the juvenile's parent or guardian "is found to be indigent and entitled to counsel." And Rule 10(A) provides that a juvenile

10

court "shall appoint counsel for the juvenile if the juvenile is determined to be indigent." Under Rule 10(B)(2), a court determines if a juvenile is indigent by requiring the juvenile, parent, guardian, or custodian to file a court-provided financial questionnaire about which the court may question the parent, guardian, or custodian under oath.

¶19 In Carlos's case, the respondent judge attempted to follow a reverse procedure, issuing an order appointing counsel and, at the same time, ordering Carlos's parents to file a financial statement "on or before" Carlos's next scheduled court hearing. As it turned out, however, the attorney the respondent judge appointed did not accept the appointment, and the minute entry appointing another attorney does not reflect that it was sent to anyone, much less to Carlos and his parents. And, in the end, Carlos's parents retained their own attorney, thereby rendering moot the respondent judge's orders attempting to appoint counsel even before the advisory hearing was held at which the judge was required to inform Carlos and his parents that he had the right to appointed counsel if he were indigent. *See* Ariz. R. P. Juv. Ct. 28(C)(1), 10(A).

¶20 Although the juveniles have asked us to declare the administrative order void, we need not do so, having found the order properly governs internal court administration and did not give the juveniles the notice required by Rule 10(B)(2) of the respondent judge's assignment to their cases. We instead grant relief and vacate the respondent judge's orders denying as untimely the juveniles' notices of change of judge.

_____
GARYE L. VÁSQUEZ, Judge

CONCURRING:


_____
JOHN PELANDER, Chief Judge


_____
JOSEPH W. HOWARD, Presiding Judge

13